**GALVESTON NEWSPAPERS, INC. d/b/a The Galveston County Daily News, Dolph Tillotson, Mark Holan and Christopher Williams, Appellants,**

v.

**Walter NORRIS, Appellee.**

**No. 01–97–01381–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 1, 1998.

Rehearing Overruled Oct. 26, 1998.

Charles A. Daughtry, Houston, for Appellants.

Gordon R. Cooper, II, Houston, for Appellees.

Before COHEN, HEDGES, and TAFT, JJ.

## OPINION

HEDGES, Justice.

In this interlocutory appeal, appellants appeal the denial of their motion for summary judgment. This is a defamation case in which appellants, The Galveston County Daily News, are media defendants. They argue that appellee, Walter Norris, failed to produce competent summary judgment evidence of actual malice and that substantial truth was conclusively established. We reverse and render.

## JURISDICTION

As a preliminary matter, this court has jurisdiction to hear this interlocutory appeal, pursuant to Texas Civil Practice and Remedies Code section 51.014(6) (Vernon 1997). Section 51.014(6) provides,

> A person may appeal from an interlocutory order of a district court, county court at law, or county court that denies a motion for summary judgment that is based in whole or in part upon a claim against or a defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article 1, Section 8, of the Texas Constitution, or Chapter 73.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(6) (Vernon 1997); see Delta Air Lines, Inc. v. Norris, 949 S.W.2d 422, 428–29 (Tex.App.— Waco 1997, writ denied). In the present

case, we have jurisdiction to hear this appeal of appellee's claims of both libel and tortious interference with contract because appellants' defenses are based in whole or in part on free speech grounds.

## STATEMENT OF FACTS

This controversy arose from a series of stories and editorials published in The Galveston County Daily News (GCDN) between March 26, 1996 and January 9, 1997. These articles concerned the Galveston Housing Authority (GHA), in particular its management problems. Specifically, the articles focused attention on areas such as GHA's mismanagement, inadequate operating procedures, and improper financial expenditures.

Appellee, Walter Norris, served as the Executive Director of the GHA until his employment was terminated on July 15, 1996. He contends that the articles accused him of mismanagement and fraud and that they implied that he was guilty of theft. He sued GCDN, Dolph Tillotson, Mark Holan, and Christopher Williams[1] for libel and tortious interference with contract.

At the time GCDN published the articles, appellants attempted to communicate with appellee to obtain his point of view. Appellee consistently refused this invitation before publication of the articles, but he often complained of the articles after publication. Appellants provided him the opportunity to express his views in the form of a letter to the editor or as a guest column, which he in fact did.

While these articles were being published, G.R.A.C.E. Corp., a subsidiary of GHA, hired Ventana Consultants, Inc. to perform a management review of appellee's performance as Executive Director of GHA. Ventana, a defendant below but not a party to this appeal, engaged in an extensive management review. Both during this review and afterwards, appellants published articles concerning Ventana's findings. The articles stated that Ventana's findings reflected, among other things, that GHA was not run in a businesslike manner; that GHA had a negative perception among the general public; that GHA maintained inadequate internal accounting controls; and that GHA lacked a sound cash management and investment policy.

During pretrial discovery, appellee admitted that he was a public official for purposes of this lawsuit.

## ACTUAL MALICE

■ In the first issue presented, appellants argue that the trial court erred in denying their motion for summary judgment because appellee, admittedly a public official, presented no evidence of actual malice, an essential element of his cause of action.

### Standard of Review

■ When reviewing a motion for summary judgment, we accept all evidence favorable to the nonmovant as true. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The reviewing court must indulge all inferences and resolve all doubts in favor of the nonmovant. *Id.* at 549. The same standard is used when reviewing a denial of a motion for summary judgment as is used in reviewing a grant of summary judgment. *San Antonio Express News v. Dracos*, 922 S.W.2d 242, 247 (Tex.App.—San Antonio 1996, no writ). In defamation cases, summary judgment is reviewed under the same standard as summary judgment in other cases. *Casso v. Brand* 776 S.W.2d 551, 556 (Tex.1989).

■ Under the "no evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. Tex.R. Civ. Proc. 166a(i) (Vernon Supp.1998). The motion must state the elements as to which there is no evidence. *Id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* Under the

---

1. Dolph Tillotson is the publisher of The Galveston County Daily News and wrote several of the articles at issue. Mark Holan and Christopher Williams are GCDN reporters who likewise wrote several of the articles.

no evidence summary judgment standard, "the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding." *Pena v. Van,* 960 S.W.2d 101, 105 (Tex.App.—Houston [1st Dist.] 1997, pet. filed); *see also Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.—Houston [1st Dist.] 1997, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant").

## Analysis

■■■ In order to maintain a claim of defamation "a public official or public figure must prove that the defendant (1) published a statement; (2) that was defamatory concerning the public official or public figure; and (3) that the false statement was made with actual malice." *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989) (citing *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964)). Appellee's concession of public figure or public official status places on him the burden of showing actual malice.

■■■ For a statement to be considered made with actual malice, the statement must be made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964). Reckless disregard requires a showing of "a high degree of awareness of probable falsity." *Carr,* 776 S.W.2d at 571. To prove reckless disregard, the defamation plaintiff must present "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.*

■■■ Actual malice is a stringent culpability standard which a public figure defamation plaintiff must meet in order to recover. It is the defamation plaintiff's burden to come forward with "specific affirmative proof" establishing that the defendant "entertained serious doubts as to the truth" of the publication. *Howell v. Hecht,* 821 S.W.2d 627, 631 (Tex.App.—Dallas 1991, writ denied). A defendant's mere failure to fully investigate the

truth or falsity of a statement before it is published has been held insufficient to show actual malice. *Beck v. Lone Star Broad., Co.,* 970 S.W.2d 610, 617 (Tex.App.—Tyler 1998, pet. filed) (citing *St. Amant v. Thompson,* 390 U.S. 727, 733, 88 S.Ct. 1323, 1326, 20 L.Ed.2d 262 (1968)).

In résponse to appellants' motion for summary judgment, appellee submitted four affidavits as summary judgment proof. In none of them did he set forth any evidence which would raise a fact issue about actual malice.

## Appellee's Affidavits

In paragraphs one and two of his affidavit, appellee identifies himself and establishes his basis for personal knowledge. In paragraphs three through five, he describes his accomplishments as executive director of GHA. In paragraphs six through thirteen, he describes his relationship with the GHA board, including conflicts and his ultimate termination. In paragraphs 14 and 15, he discusses the treatment of a "management letter" from outside auditor Malcolm Johnson & Company, the subject of some of the first articles about which he complains. In none of these paragraphs are the appellants even mentioned, and clearly the issue of actual malice is not addressed. Paragraphs 16 through 28 address specific incidents which were the subject of some of GCDN's articles, and appellee's evaluation of their accuracy. Appellee's affidavit relates solely to the issue of substantial truth and entirely omits reference to appellants' actual malice.

Likewise, the affidavit of Ellen Scarlett addresses only the issue of substantial truth of the articles and fails to mention any fact relating to actual malice. Malcolm Johnson's affidavit offers no facts to establish actual malice, and instead, it offers evidence to refute the substantial truth of one of the articles.

In his affidavit, John Salisbury directs his entire evidence to undercutting appellants' defense of substantial truth. He offers no proof of actual malice on their part. Appellee argues that there is such evidence contained in a letter attached to the Salisbury affidavit, in which Salisbury wrote to appellee that "Chris Williams, the reporter who wrote the article, acknowledged he had not read the loan agreement." This information does

not rise to the level of actual malice. *Dun & Bradstreet, Inc. v. O'Neil,* 456 S.W.2d 896, 901 (Tex.1970) ("Plaintiff's evidence may establish that defendant was negligent in failing to verify the bankruptcy information but the evidence does not raise a fact issue regarding whether or not the defendant acted 'with knowledge that it was false or with reckless disregard of whether it was false or not.' ").

We sustain appellants' first issue.

In light of this disposition, it is unnecessary for us to decide the second issue, whether the articles were substantially true.

## TORTIOUS INTERFERENCE WITH CONTRACT

In their third issue presented, appellants argue that it was error for the trial court to overrule their motion for summary judgment on appellee's claim of tortious interference with contract. Appellants assert that the tortious interference claim is a "tag-along" tort that cannot be maintained because there is no evidence raising a fact issue as to actual malice.[2]

In *Hustler Magazine v. Falwell,* the United States Supreme Court concluded that public officials or public figures may not recover for the tort of intentional infliction of emotional distress from publications, absent a showing that the publication contains a false statement of fact made with actual malice. 485 U.S. 46, 56, 108 S.Ct. 876, 882, 99 L.Ed.2d 41 (1988); *see Channel 4, KGBT v. Briggs,* 759 S.W.2d 939, 942 (Tex.1988).

Based on our holding that there was no evidence to raise a fact issue as to actual malice as to appellee's libel claim, we conclude that it was error not to grant summary judgment on appellee's non-libel claim of tortious interference with contract.

We reverse the trial court's denial of summary judgment and render judgment that appellee take nothing.

---

**2.** Appellants also asserted there was no evidence of causation with respect to the tortious interference claim because the GHA Board of Commissioners did not consider the articles in their decision to terminate appellee's employment.