**Magdalena JAIMES, Individually and as Next Friend of Cindy Jaimes, Minor, Appellant,**

v.

**FIESTA MART, INC., Appellee.**

No. 01–98–00754–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 17, 1999.

302

Bryan Powers, Corpus Christi, David A. Furlow, Houston, for Appellant.

Mark Ramsey, R. Russell Hollenbeck, Houston, for Appellee.

Panel consists of Justices MIRABAL, WILSON, and ANDELL.

## OPINION

ANDELL, Justice.

We are asked to decide if the trial court properly rendered a no-evidence summary judgment for appellee, Fiesta Mart, Inc. We affirm.

### Facts

In April 1995, Fiesta sold a package of Pee–Wee latex balloons to John Carlos Jaimes, the seven year old son of appellant, Magdalena Jaimes. When Magdalena Jaimes discovered the package as the family drove home from Fiesta, she confiscated it and "chewed out" John Carlos. Her son, however, had already opened the package and put some balloons in his pocket. The following day, while the children were in the care of their babysitter, three-year-old Cindy Jaimes choked on one of the balloons, suffering serious injuries from which she later died.

Jaimes sued Fiesta for negligence and strict products liability. In her live pleading, she contended Fiesta owed its customers the following specific duties:

(1) to determine the age of children seeking to buy balloons and to refrain from selling balloons to children under the age of eight;

(2) to warn the buyer that children under the age of eight could choke on the balloons; and

(3) to not sell banned, prohibited, or misbranded hazardous substances.

Fiesta's first motion for summary judgment was denied. It filed a second "no evidence" motion for summary judgment some months later, arguing that (1) as a matter of law, a retailer has no duty in regard to the sale of balloons to minors; thus, Jaimes could not recover under any theory of liability; (2) Fiesta did not supply the balloons directly to Cindy Jaimes; (3) there was no evidence that a product defect was a producing cause of Cindy's injuries; and (4) there was no duty to warn of known risks.

In addition to responding to the motion, Jaimes amended her petition to broaden her claims under the Restatement (Second) of Torts, basing it on sections 388–90 and 399–402A. Jaimes repleaded the cause of action for strict liability. Based on the preliminary findings of an expert witness, whose affidavit was attached to her response to the motion for summary judgment, she argued the balloon could have been marketed more safely had it been coated with an unpalatable substance, been made out of mylar instead of latex, or been labeled with an appropriate warning.

Jaimes also complained in her response that the time allowed for discovery was insufficient, and asked the Court to presume the motion was premature and to require it to be refiled no earlier than May 1998. The trial court rendered an interlocutory summary judgment for Fiesta in February 1998 that became final for purposes of appeal in March 1998, when the trial court severed Fiesta from the suit.

### Summary Judgment

In point of error one, Jaimes contends the trial court erred in rendering summary judgment because (1) the motion was premature and (2) genuine issues of material fact precluded summary judgment. In point of error two, she contends the trial court erred in denying her motion for new trial.

### 1. Standard of Review

Under the "no evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or de-

fense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i) (Vernon Supp.1999); *Galveston Newspapers, Inc. v. Norris*, 981 S.W.2d 797, 799 (Tex.App.—Houston [1st Dist. ] 1998, pet. denied The motion must state the elements as to which there is no evidence. *Galveston Newspapers*, at 799. The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* Under the no evidence summary judgment standard, "the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding." *Id.* In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Id.*

### 2. Was there adequate time for discovery?

A discovery period set by pretrial order should be an adequate opportunity for discovery unless there is a showing to the contrary. TEX. R. CIV. P. 166a(i), NOTES & COMMENTS. Jaimes filed suit on July 15, 1996. There was no pretrial order setting the discovery period. However, the joint case questionnaire filed September 13, 1997, shows a suggested trial date of October 1998, and an estimate of seven to 12 months needed for discovery. Fiesta filed its no-evidence motion roughly four months later on January 8, 1998. Jaimes argues there was inadequate time for discovery in her response to the motion for summary judgment, but acknowledges she did not file a sworn motion for continuance as permitted by TEX. R. CIV. P. 252, nor did she file an affidavit stating why she needed additional time for discovery, as mandated by TEX. R. CIV. P. 166a(g). Because the record was silent in this matter, we hold it was not error for the trial court to rule on the motion for summary judgment.

### 3. Did Fiesta negate, as a matter of law, any of the elements of negligence argued under the Restatement (Second) of Torts?

To prevail in a negligence cause of action, a plaintiff must show (1) the defendant owed a duty to the plaintiff; (2) breached that duty; and (3) the breach proximately caused the plaintiff's damages. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990). Whether a duty exists is a question of law. *Id.* Jaimes relies on several sections of the Restatement (Second) of Torts to support her claim of negligence. Fiesta contends it has no duty, as a matter of law, concerning the sale of balloons to minors, and that none of the provisions of the restatement applies. We agree. Jaimes cannot prevail no matter which section she relies upon.

Section 390 provides that a *supplier* of a chattel who knows it could endanger a youngster or inexperienced user is liable for harm resulting from the chattel's use. RESTATEMENT (SECOND) OF TORTS § 390 (1965). Texas courts have declined, however, to adopt section 390 and to impose this duty on *sellers* of chattels. *Rush v. Smitherman*, 294 S.W.2d 873, 875 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.); *Salinas v. General Motors Corp.*, 857 S.W.2d 944, 948 (Tex.App.—Houston [1st Dist.] 1993, no writ); *National Convenience Stores v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 686–87 (Tex. App.—Dallas 1994, writ denied). None of these cases involves sale of a product to a minor; yet, the courts explicitly address and reject the proposition that section 390 applies to the seller of chattels. Although Jaimes contends section 390 is applicable because the sale was made to a minor, the authority upon which she relies for this proposition does not so hold. The principal case upon which she relies, *Dee v. Parish*, 160 Tex. 171, 327 S.W.2d 449 (1959), does involve application of section 390 when a child was injured, but the stable owner did not *sell* a horse to the girl, he only supplied it. *Dee* does not control the outcome here. Fiesta had no

duty under section 390 to refrain from selling the balloons to John Carlos.

■ Sections 388 and 389 provide a supplier is liable for harm if harm results from the use of chattel in the manner and by a person for whose use it is supplied if the supplier knows the chattel is dangerous when used in its usual manner and does not warn the user. RESTATEMENT (SECOND) OF TORTS §§ 388–89 (1965). A balloon is intended to be blown up with air or filled with water. Neither use is one that is, or is likely to be, dangerous. Thus, Fiesta cannot be liable under sections 388 or 389.

■ Section 401 covers the duty to warn, and provides a seller is liable for harm from a dangerous chattel if he does not warn users of the danger or otherwise protect them. RESTATEMENT (SECOND) OF TORTS § 401 (1965). This portion of the Restatement is recognized by Texas courts, and applies here. *See Rourke v. Garza,* 511 S.W.2d 331, 346 (Tex.Civ.App.—Houston [1st Dist.] 1974), *aff'd,* 530 S.W.2d 794 (Tex.1975). The duty imposed is to warn a buyer if the product poses a danger that may not be readily apparent. *Rourke,* 511 S.W.2d at 346; *see also Alm v. Aluminum Co. of America,* 717 S.W.2d 588, 592 (Tex.1986); *Casa Ford, Inc. v. Ford Motor Co.,* 951 S.W.2d 865, 872 (Tex.App.—Texarkana 1997, no writ); *accord Bean v. Baxter Healthcare Corp.,* 965 S.W.2d 656, 661–62 (Tex.App.—Houston [14th Dist.] 1998, no pet.). Fiesta argues that applying this section would impose a legal duty not to sell to minors products which may pose a danger to them, even if the products are not inherently dangerous. This section, however, imposes a duty to warn of certain dangers, not a duty to refrain from selling certain goods.

Jaimes argues Fiesta breached a duty to her by selling inadequately labeled balloons. The warning on the package of Pee–Wee balloons said simply, "Not recommended for children under three."

Other brands of balloons sold by Fiesta were labeled with more detailed warnings, e.g. "Warning: young children could choke on or be suffocated by an uninflated balloon or piece of a broken balloon. Adults should inflate balloons and supervise their use with children under six(6) years old. Discard broken balloons immediately." Jaimes argues the dangers of small balloons are not known to the general public. Jaimes further argues that, to establish its entitlement to summary judgment, Fiesta would have had to show the choking danger was known to seven year old John Carlos and to three year old Cindy. This is an unreasonable interpretation because it creates a duty impossible to fulfill. Because of the danger of choking, innumerable small objects are dangerous to children too young to read or to comprehend the danger. Warnings are directed not to children, but to the adults who care for them.

Clearly, the warning on the balloon package was not as extensive, informative, or helpful as the warning on a different brand. It may also be argued that the dangers of choking posed by balloons is a danger not generally known to the public. Nevertheless, there must be a causal connection between the inadequate warning and the resulting injury. Here, there was none. As evidenced by her deposition testimony, Jaimes was fully cognizant of the danger, and had previously conveyed warnings to her children about balloons.

As a matter of law, Jaimes cannot show a duty except under section 401, and she cannot establish the element of causation in regard to the duty to warn. Accordingly, she cannot prevail on her negligence cause of action.

**4. Did Fiesta negate, as a matter of law, any of the elements of strict products liability?**

■ Jaimes brought a cause of action for strict products liability based on both marketing and design defects. A marketing defect cause of action consists of five elements: (1) a risk of harm that is inherent in the product or that may arise from

the intended or reasonably anticipated use of the product must exist; (2) the product supplier must actually know or reasonably foresee the risk of harm at the time the product is marketed, (3) the product must possess a marketing defect; (4) the absence of the warning and/or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *USX Corp. v. Salinas*, 818 S.W.2d 473, 482–83 (Tex.App.—San Antonio 1991, writ denied). We have already concluded the absence of an adequate warning was immaterial because Jaimes actually knew of the danger; thus, she also cannot establish a causative nexus in this cause of action for marketing defect.

■■■ The Texas Supreme Court has adopted the Restatement (Second) of Torts section 402A (1965) as the rule applicable to defective products that cause physical harm to persons. *Williams v. Southern Pacific Transp. Co.*, 804 S.W.2d 132, 137 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Under section 402A, a seller of a product in a defective condition unreasonably dangerous to the user is subject to liability for injuries caused to the user by the product, if the seller is engaged in the business of selling such a product and it reached the user without substantial change in the condition in which it was sold. *Id.* A defectively designed product is one that is "unreasonably dangerous ... taking into consideration the utility of the product and the risk involved in its use." *Id.* (citing *Acord v. General Motors Corp.*, 669 S.W.2d 111, 113 (Tex.1984).

■■■ To prove Fiesta is liable for Cindy's injuries because of a defectively designed balloon, Jaimes must establish that the balloons Fiesta sold were: (1) defectively designed when sold; (2) unreasonably dangerous (weighing the risk and utility) to the user; (3) the balloons reached the user without substantial change in the condition in which they were sold; and (4) the defective and unreasonably dangerous condition of the balloons involved in the accident caused physical harm to the user. *See id.* In addition, when a plaintiff alleges a design defect, he must show (1) there was a safer alternative design and (2) the defect was a producing cause of the injury. TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(a) (Vernon 1997). A safer alternative design is one which is:

> a product design other than the one actually used that in reasonable probability: (1) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility; and (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(b) (Vernon 1997). Jaimes's expert witness testified in deposition that the balloons could have been marketed more safely had they been coated with an unpalatable substance or been made out of a substance other than latex, such as mylar. Fiesta's expert testified that latex is the *only* product available for use in an expandable balloon and that the utility of the product would be destroyed if all balloons had to be made of mylar. He also noted that the wholesale price of latex balloons is 3.5 to 8.5 cents per balloon, while the wholesale price of mylar balloons is 42 to 80 cents. Fiesta contends that because Jaimes's expert did not address the economic feasibility of using another substance or making the balloons unpalatable, his affidavit was inadequate as summary judgment evidence. We agree.

As a matter of law, Jaimes cannot prevail on her claim for design defect.

We overrule both points of error.

We affirm the judgment.