**Rogelio MORALES, et al., Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORP., et al., Defendants.**

**No. CIV.A. L–02–54.**

United States District Court,
S.D. Texas,
Laredo Division.

July 8, 2002.

Charles Stein Siegel, David C. Greenstone, Waters & Kraus, LLP, Dallas, TX, for plaintiffs.

Brynley James, III, Fulbright & Jaworski, San Antonio, TX, Terry O. Tottenham, Fulbright & Jaworski, Austin, TX, Monica Z. Notzon, Attorney at Law, Laredo, TX, Earl B. Austin, Baker Botts, Dallas, TX, Kenneth Carl Baker, The Baker Law Firm, Houston, TX, for defendants.

725

## MEMORANDUM AND ORDER

KAZEN, Chief Judge.

Pending are "Plaintiffs' Motion to Remand," filed May 10, 2002 [Docket No. 9], and "Defendant Bayer Corporation's Motion for Temporary Stay of Proceedings," filed April 17, 2002 [Docket No. 3].

Plaintiffs filed their Original Petition on March 4, 2002, in the 49th Judicial District Court of Webb County, Texas. The Petition alleges that Plaintiff Rogelio Morales ("Plaintiff Morales") suffered severe and debilitating permanent injuries as a consequence of his exposure to PPA through ingestion of products designed, formulated, marketed, manufactured, distributed and/or sold by defendants. Prior to removal, Plaintiffs had non-suited all of the Defendants except Bayer Corporation ("Bayer"), Wal–Mart Stores, Inc. ("Wal–Mart"), and Circle K Stores, Inc ("Circle K").

On April 8, 2002, defendant Bayer filed a removal notice which stated that it did not require the joinder of the two remaining defendants, Wal–Mart and Circle K. Bayer reasoned that Circle K, a Texas defendant whose presence would destroy diversity jurisdiction, was fraudulently joined. Bayer also argued that it did not need Wal–Mart's joinder or consent because Wal–Mart had not been served by the time of removal.

Plaintiffs filed their remand motion on May 10, 2002. In this motion, Plaintiffs elaborated on their claims against the Defendants, including Circle K. Plaintiff Morales filed an affidavit stating that he had previously purchased Alka Seltzer Plus at various places, including a Circle K in Laredo, Texas.

On May 29, 2002, Bayer filed a response to Plaintiffs' remand motion. Among other things, Bayer contends that, in regards to claims against Circle K, Plaintiffs are bound by their original Petition, and that this Court may not consider any elaborations in the Plaintiffs' remand motion or its attached affidavit.

■ The parties debate at considerable length whether the Court should rule on the remand motion or instead defer to the MDL court. It is abundantly clear that a conditional transfer order by the MDL panel does not affect or suspend any pretrial proceedings in this Court. This Court has sometimes deferred to the MDL court when presented with an issue likely to be common among all other cases throughout the nation. Here, however, the key question is whether Defendant Circle K has been fraudulently joined. This issue is controlled by the law of the Fifth Circuit Court of Appeals and ultimately the laws of Texas, as applied to the pleadings in this case. There is no reason to ask a federal court in Washington to make that decision.

■ The party claiming fraudulent joinder bears the heavy burden of showing "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendants in state court." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (1999). It is true that this Court must generally evaluate the viability of Plaintiffs' allegations as of the time of removal. Nevertheless, the Court may consider Plaintiffs' subsequent affidavit "to the extent that the factual allegations in (the) affidavit clarify or amplify the claims actually alleged" in the petition. *Id.* at 700. As in *Griggs,* the instant petition alleges conduct of the "defendants" but not Circle K specifically. Unlike, *Griggs,* however, the allegations in the instant pleading do not describe conduct "that can in no way be attributed to" Circle K. *Id.* at 699. For example, the pleading alleges that Plaintiffs suffered permanent injuries through exposure to PPA in products marketed or sold by Defendants, ¶ 2; that among the Defendants

were sellers of non-prescription, over-the-counter pharmaceutical products which contained PPA, ¶ 22; that Plaintiffs had purchased some of these drugs, ¶ 24; and that retailers of over-the-counter drugs had a duty to warn customers of known adverse and dangerous side effects of the products, ¶ 29. There are then detailed allegations as to why "all defendants" are liable under the theory of strict products liability. There are various other allegations of negligence and breach of warranty as to all the Defendants, including retailers of the affected drugs. Against that background, the Court concludes that the subsequent affidavit of Rogelio Morales, that he has purchased Alka Selzer Plus at Circle K, must be construed as a mere clarification or amplification of the claims actually alleged in the pleadings.

 With that clarification, the petition states a valid cause of action against Circle K. Texas law imposes upon the seller of a product the duty to warn the buyer if the product poses a danger that may not be readily apparent. *Jaimes v. Fiesta Mart, Inc.,* 21 S.W.3d 301 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). Defendant insists that Circle K cannot be liable for a failure to warn because of the Texas rule that pharmacists have no duty to warn of potentially adverse reactions to prescription drugs. *Morgan v. Wal–Mart Stores, Inc.,* 30 S.W.3d 455 (Tex.App.—Austin 2000, pet. denied). Defendant argues that *Morgan* should apply with equal, if not greater, force to over-the-counter drugs, but cites no Texas decisions supporting that proposition. The *Morgan* court expressly stated that the reluctance to hold pharmacists liable for injuries caused by prescription drugs can be attributed to the application of the "learned intermediary" doctrine. 30 S.W.3d at 461. The court concluded, after examining decisions across the country, that this doctrine should protect pharmacists because it is ultimately the physician who is in the best position to "relate the propensities of the drug to the physical idiosyncrasies of the patient." *Id.* at 462. (citations omitted). There is no "learned intermediary" here. It may be that Texas law will eventually relieve a seller such as Circle K from the duty to warn, but it cannot be said today that Plaintiffs have no possibility of prevailing against Circle K on a duty to warn. At this stage, the Court does not address whether Plaintiffs can ultimately prove that Alka Seltzer is really a dangerous product or whether it proximately caused any harm to these Plaintiffs. The Court only determines that the Defendant has not demonstrated the absence of any possibility that Plaintiffs can prevail.

 For the foregoing reasons, the Court concludes that Circle K Stores, Inc. is not fraudulently joined, and that its presence in this case destroys federal diversity jurisdiction. There is no need to determine the status of Defendant Wal–Mart. Plaintiff's Motion to Remand is GRANTED and the case will be remanded to the 49th Judicial District Court of Webb County, Texas.