In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-01150-CV
____________

LINDA GRAGG, Appellant

v.

TARANTINO PROPERTIES, INC., Appellee




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2000-31265




O P I N I O N
Procedural Background
           On June 28, 1998, Linda Gragg, appellant, was attacked by unknown assailants in the
parking garage that was adjacent to the building where she worked.
           Appellant originally filed a negligence suit against appellee, Tarantino Properties,
Inc., in 1998. In 1999, appellant voluntarily non-suited the case without prejudice. Gragg
re-filed her negligence lawsuit against Tarantino on June 21, 2000. On June 18, 2001,
appellee moved for summary judgment, claiming that there was no evidence that the attack
on appellant was foreseeable. On July 16, 2001, appellant filed a response, attaching the
deposition of Alvin Lincoln, the premises security guard, the deposition of Larry Vickers,
the property manager, and reports related to police calls for service from buildings in the area
of the incident. Appellee’s reply objected to appellant’s attached reports of calls for service
as inadmissible hearsay. On July 24, 2001, the trial court sustained appellee’s objection to
the reports and gave appellant another opportunity to provide the court with evidence of
foreseeability. Appellant then filed a supplemental response, attaching eight Houston Police
Department offense reports as additional evidence of foreseeability. On August 3, 2001,
appellee’s reply to appellant’s supplemental response objected to the eight offense reports
as inadmissible. On August 9, 2001, the trial court sustained appellee’s objection to the eight
additional offense reports and granted appellee’s no-evidence motion for summary judgment. 
On September 10, 2001, the trial court also granted appellee’s no-evidence motion for
summary judgment on appellant’s amended petition alleging breach of contract.
           Appellant presents the following three points for our review: (1) the trial court
improperly granted appellee’s no-evidence motion for summary judgment because there are
material fact issues on the existence of a duty; (2) the trial court improperly sustained
appellee’s objections to appellant’s summary judgment evidence, which required her to
marshal her evidence; and (3) the trial court improperly granted appellee’s no-evidence
motion for summary judgment because its motion failed to challenge any of the elements of
the cause of action as required by the rule. We affirm.
Discussion
Standard of Review
           Under rule 166a(i), a party is entitled to summary judgment if, after adequate time
for discovery, there is no evidence of one or more essential elements of a claim or defense
on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). 
Thus, a no-evidence summary judgment is similar to a directed verdict. Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The motion for summary judgment may not be general, but must state
the elements on which there is no evidence. Tex. R. Civ. P. 166a(i). The trial court must
grant the motion unless the nonmovant produces more than a scintilla of evidence raising a
genuine issue of material fact on each of the challenged elements. See Tex. R. Civ. P.
166a(i); Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.]
1999, no pet.). The party with the burden of proof at trial has the same burden of proof in
the summary judgment proceeding. Galveston Newspapers, Inc. v. Norris, 981 S.W.2d 797,
799 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In reviewing a summary judgment,
we must indulge every reasonable inference in favor of the nonmovant and resolve any
doubts in its favor. Flameout Design, 994 S.W.2d at 834.
 
 
Challenged Elements
           In her third point of error, appellant contends that appellee failed to specifically state
the challenged elements on its no-evidence motion as required by the Texas Rules of Civil
Procedure. A no-evidence motion for summary judgment “must” state the elements on which
the movant contends there is no evidence. See Tex. R. Civ. P. 166a(i). Appellant’s premises
liability claim asserted that appellee failed to provide adequate security to guard against
criminal acts by third parties. Appellee’s no-evidence motion for summary judgment stated
that no evidence existed to show that the assault of appellant was foreseeable, and, therefore,
it owed no duty to appellant as a matter of law. Appellee’s no-evidence motion complied
with rule 166a(i). See Tex. R. Civ. P. 166a(i). We overrule appellant’s third point.
“Marshal” of Evidence
           In her second point of error, appellant contends the trial court erred in requiring her
to “marshal” her proof and in sustaining appellee’s objection to exhibit three attached to
appellant’s response. Appellant correctly points out that, under Rule 166a(i), a respondent
is not required to marshal its proof, but need only point out evidence raising a fact issue on
the challenged elements. Appellant complains that the trial court declined to consider
evidence attached to her response because the attached evidence was not specifically
referenced. Appellant argues that such a response need not provide specific references to the
attached evidence.
           Appellee’s objection to appellant’s attached “police calls for service” was that they
were inadmissible because appellant had not designated someone to interpret the reports. 
The trial judge, in sustaining appellee’s objection to the attached police calls for service,
stated, “Defendant’s objection to Plaintiff’s graphs of undetermined origin and police
reports’ [sic] is sustained, and these will not be considered in connection with the
determination of this motion.”
           Appellee’s objection to the police offense reports attached to appellant’s supplemental
response was that the offense reports had not been authenticated or interpreted by an expert. 
In sustaining this objection, the trial court stated “Plaintiff filed eight unauthenticated
documents that purport to be police offense reports.” See Tex. R. Evid. 901(b)(7). Our
review of the record leads us to hold that the trial court did not abuse its discretion in
sustaining appellee’s objections to the inadmissability of the police calls for service and to
the eight unauthenticated police offense reports. We overrule appellant’s second point.
Duty to Protect Invitees
           In her first point of error, appellant argues that the trial court improperly granted
appellee’s motion for summary judgment because a material fact issue existed on the element
of duty. Appellant asserts that appellee owed her a duty as a matter of law or, alternatively,
there are genuine issues of material fact regarding appellee’s duty to provide a safe premises.
           Generally, a person has no legal duty to protect another from the criminal acts of a
third person. Timberwalk Apartments, Partners, Inc., v. Cain, 972 S.W.2d 749, 756 (Tex.
1998). A landlord who retains control over the security and safety of the premises may be
held liable to invitees for criminal acts of third parties if, and only if, the criminal acts are
foreseeable. Id. Foreseeability requires only that the general danger, not the exact sequence
of events that produced the harm, be foreseeable. Id. When the general danger is the risk
of injury from criminal activity, the evidence must reveal specific previous crimes on or near
the premises in order to establish foreseeability. Id. The Supreme Court has set forth five
factors that we must consider in determining whether the criminal activity in this case was
foreseeable, those being: (1) proximity, (2) recency, (3) frequency, (4) similarity, and (5)
publicity. Id. at 757.
           Here, after adequate time for discovery, appellee moved for summary judgment,
claiming that there was no evidence that the assault on appellant was foreseeable. In her
response, appellant argued that Alvin Lincoln, the on-duty security guard, was hired to
protect her and other building tenants, but was not actively securing the premises when she
was attacked. Appellant attached Lincoln’s deposition to her response and directed the trial
court to one page and one line of the entire deposition in support of her contention. She also
referred the trial court to the attached “police calls for service” from buildings in the area
where the incident in question occurred as some evidence of foreseeability. Appellant also
attached the entire deposition of Larry Vickers, the property manager, from which she cited
three pages, as evidence that the buildings in the incident reports were in the immediate
vicinity and that criminal activity was foreseeable.
           Appellant also filed a supplemental response which included an attachment of eight
purported Houston Police Department offense reports, which were excluded from
consideration by the trial court. Appellant’s supplemental response generally directed the
court to Vickers’ deposition “where he admits knowing of attacks in the area.”
           We have concluded that the trial court properly sustained appellee’s objection to
appellant’s “police calls for service” and the eight police offense reports. Therefore, the only
evidence available for our application of the Timberwalk factors are the cited portions of the
depositions of Lincoln and Vickers.
           Appellant’s only citation to Lincoln’s deposition states: “A: I was unpadding the
elevator.” The three pages of Vickers’s deposition cited by appellant only refer to Vickers’s
knowledge of ladies being attacked and robbed in a residential neighborhood near his
building. Although not referenced by appellant, the next page of Vickers’s deposition stated
that he had not notified his tenants about these incidents because he thought these incidents
were “irrelevant.”
           None of the depositions’s citations address any of the Timberwalk factors. Appellant
did not provide more than a scintilla of evidence of foreseeability of the assault. We overrule
appellant’s first point.
Conclusion
           We affirm the trial court’s judgment.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Radack.
Do not publish. Tex. R. App. P. 47.