In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-02-00426-CV
____________

VERNON WOLTER, NICKIE WILSON, AND MARIE COOPER,
Appellants

v.

MONTE S. DONALDSON, COASTAL BANC SSB, AND JAMES F. MURPHY,
Appellees




On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2000-50367




MEMORANDUM OPINION
           Vernon Wolter, Nickie Wilson, and Marie Cooper, appellants, sued Monte S.
Donaldson, Coastal Banc SSB, and James F. Murphy, appellees, alleging that the disclosure
of appellants’ financial information gave rise to an invasion of privacy claim. The trial court
granted appellees’ no-evidence motions for summary judgment. Appellants’ sole point of
error claims that Coastal Banc invaded their privacy by releasing appellants’ bank account
information to appellees, Murphy and Donaldson. We affirm.
Background
           This case involves a writ of garnishment filed by Monte Donaldson to satisfy a
judgment in the amount of $3,136.57 against Vernon Wolter and John WorldPeace for
sanctions stemming from a real property dispute. Coastal Bank was served with the writ on
June 11, 1999. Due to a series of challenges mounted by Wolter and WorldPeace, Coastal
placed the funds into the court’s registry. The funds were ultimately released to Donaldson.
           The specific information used for the writ and challenged on appeal reads as follows:
“Mr. Wolter has an account at Coastal Banc being account 350228383 in his name. Also,
Mr. Wolter is a signatory on account number 350228391 in the name of Nickie Wilson at
Coastal Banc and is also a signatory on an account in the name of Marie Cooper.” In placing
the money into the registry of the court, Coastal only took money from Wolter’s account,
number 350228383, and not from the other accounts mentioned in the writ.
Discussion
Standard of Review
           Under rule 166a(i), a party is entitled to summary judgment if, after adequate time
for discovery, there is no evidence of one or more essential elements of a claim or defense
on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). 
Thus, a no-evidence summary judgment is similar to a directed verdict. Flameout Design &
Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The motion for summary judgment may not be general, but must state
the elements on which there is no evidence. Tex. R. Civ. P. 166a(i). The trial court must
grant the motion unless the nonmovant produces more than a scintilla of evidence raising a
genuine issue of material fact on each of the challenged elements. See Tex. R. Civ. P.
166a(i); Macias v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.]
1999, no pet.). The party with the burden of proof at trial has the same burden of proof in
the summary judgment proceeding. Galveston Newspapers, Inc. v. Norris, 981 S.W.2d 797,
799 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). In reviewing a summary judgment,
we must indulge every reasonable inference in favor of the nonmovant and resolve any
doubts in its favor. Flameout Design, 994 S.W.2d at 834.
           Appellees filed a motion for summary judgment and a motion for no-evidence
summary judgment. To succeed in an action for invasion of privacy, the plaintiffs must
show: (1) an intentional intrusion, (2) physically or otherwise, upon the solitude, seclusion,
or private affairs of another, (3) which would be highly offensive to a reasonable person. See
Valenzuela v. Aquino, 853 S.W.2d 512, 513 (Tex. 1993).
           Appellees’ no-evidence motion asserted that there was no evidence of an intentional
intrusion and no evidence that legal action in furtherance of the writ of garnishment would
be highly offensive to a reasonable person.
           Appellants’ response to appellees’ no-evidence motion stated that “someone at
Coastal Banc had to research the private Coastal Banc records of Wolter, Wilson and Cooper
not through Wolter’s account number but through other records at Coastal Banc which tied
Wolter to Wilson and Cooper.” Appellants asserted that appellees did not provide testimony
stating that the information on the signature cards was public information, and, if in fact such
information was public, where it could be found. Attached to appellants’ response were
affidavits of Wolter and Wilson. Wolter denied that the account number on his check was
placed there by him and claims it was not on the check.


 Wilson stated that there are “no
other names on my printed checks and no way for anyone to know who was a signatory on
my account other than by checking my records at Coastal Banc.”
           Appellants allege that, if the information on the signature cards is not public
information, then someone at Coastal Banc gave the information to Murphy or his alleged
contractor. Appellants further contend that the mystery of how exactly appellees obtained
appellants’ bank account information raises a fact issue. Appellants believe the only way
appellees could have obtained the bank account information was through Coastal, therefore
they are liable. However, appellants’ beliefs are merely speculations and do not amount to
a scintilla of evidence raising a genuine issue of material fact as to an intentional intrusion
by appellees.


 In light of our decision, we need not address appellants’ argument alleging
that a cause of action for invasion of privacy exists under these facts. We overrule
appellant’s sole point of error.
Conclusion
           We affirm the trial court’s judgment granting appellees’ no-evidence motion for
summary judgment.
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.