Opinion issued January 12, 2006 












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00080-CV




MITCHELL PARKS, Appellant

V.

STEAK & ALE OF TEXAS, INC., Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2002-37621




MEMORANDUM OPINION
          This is an appeal of a summary judgment in favor of appellee, Steak & Ale of
Texas, Inc. (Steak & Ale), and against appellant, Mitchell Parks, on appellant’s
claims of negligence and strict products liability for injuries allegedly resulting from
a defective chair. We affirm. 
                                                       BACKGROUND
          In his petition, appellant alleged the following: on November 29, 2001, he and
his son ate at a Steak & Ale restaurant; he returned to his table from the restroom after
eating his meal; he sat down in his chair, which collapsed forward; and he fell
forward, hit his chin on the table, and jammed his right wrist into the wall. Appellant
further alleged that he sustained severe injuries to his neck and wrist that required
surgical intervention. There were no witnesses to this incident other than appellant’s
ten-year-old son. 
          The restaurant manager, Greg Lacy, inspected the chair and noted that the front
right leg of the chair had broken off where the leg connects to the frame. This type
of chair, according to Lacy’s testimony, is approximately five feet high, measured
from the floor to the top of the back of the chair, and weighs about seventy-five
pounds. Lacy stated in his deposition testimony that this type of chair is sturdy. He
further testified that if the fabric of a chair tears or becomes loose, he has it repaired,
but that if anything happens to the chair’ structure, he destroys it. He stated that he
had approximately 22 of these high-backed chairs in the restaurant and that he had
not had to replace any of them in the two years he had been general manager of the
restaurant. 
          Appellant testified at his deposition that a friend took him to the Cy-Fair
Hospital emergency room the day after the incident at Steak & Ale because appellant
was experiencing pain and a severe headache. Appellant’s CAT scan results were
normal, and the examining physician found no broken bones. Appellant was
instructed to go home and rest. Appellant testified that, although the doctor told him
nothing had been broken, appellant continued to experience discomfort and pain and
was not able to work. A few weeks later, appellant visited his family practitioner and
a hand specialist. Approximately eight months later, appellant filed this suit against
Steak & Ale. Steak & Ale filed a no-evidence motion for summary judgment to
challenge appellant’s claims of negligence and strict products liability. The trial court
granted Steak & Ale’s motion. In two issues, appellant appeals the judgment on both
of his causes of action.
DISCUSSION
I.       Standard of Review
          Under Rule 166a(i), a party is entitled to summary judgment if, after adequate
time for discovery, there is no evidence of one or more essential elements of a claim
or defense on which an adverse party would have the burden of proof at trial. Tex.
R. Civ. P. 166a(i). Thus, a no-evidence summary judgment is similar to a directed
verdict. Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994
S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no. pet). The motion for
summary judgment may not be general, but must state the elements on which there
is no evidence. Tex. R. Civ. P. 166a(i). The trial court must grant the motion unless
the nonmovant produces more than a scintilla of evidence raising a genuine issue of
material fact on each of the challenged elements. See Tex. R. Civ. P. 166a(i); Macias
v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no
pet.). The party with the burden of proof at trial has the same burden of proof in the
summary judgment proceeding. Galveston Newspapers, Inc. v. Norris, 981 S.W.2d
797, 799 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). That is, under Rule
166a(i), the burden of raising a genuine issue of material fact shifts to the nonmovant
upon the filing of the motion. See Tex.R. Civ. P. 166a(i). In reviewing a summary
judgment, we must indulge every reasonable inference in favor of the nonmovant and
resolve any doubts in its favor. Flameout Design, 994 S.W.2d at 834. We will affirm
the judgment if any of the theories advanced in the motion is meritorious. Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). 
II.      Res Ipsa Loquitur
          Appellant relies on res ipsa loquitur to establish a presumption of negligence
and to provide a presumption that the chair was unreasonably dangerous. The
doctrine of res ipsa loquitur is not a cause of action separate from negligence. 
Haddock v. Arnspiger, 793 S.W.2d 948, 950 (Tex. 1990). Rather, the doctrine is a
rule of evidence that permits the jury to infer negligence in the absence of direct
proof. Jones v. Tarrant Util. Co., 638 S.W.2d 862, 865 (Tex.1982).
          Although the plaintiff carries the burden of proof to affirmatively establish
negligence, the doctrine of res ipsa loquitur relieves the plaintiff of the burden of
proving that the defendant committed a specific act of negligence when it is
impossible for the plaintiff to determine the sequence of events, or when the
defendant has superior knowledge or means of information to determine the
accident's cause. Jones, 638 S.W.2d at 865; Turbines, Inc. v. Dardis, 1 S.W.3d 726,
740 (Tex. App.—Amarillo 1999, pet. denied). Therefore, a plaintiff who successfully
invokes the doctrine of res ipsa loquitur can survive a no-evidence challenge on the
issue of negligence because some evidence of negligence has been presented to the
jury. Mobil Chem. Co. v. Bell, 517 S.W.2d 245, 251 (Tex. 1974). To rely on res ipsa
loquitur to establish negligence, a plaintiff must show (1) that the character of the
injury is such that it would not have ordinarily occurred without negligence and (2)
that the instrumentality causing the injury was under the management and control of
the defendant. Marathon Oil Co. v. Sterner, 632 S.W.2d 571, 573 (Tex. 1982). 
III.    Premises Liability
          In his first issue, appellant contends that “the trial court erred in granting
defendant’s motion for summary judgment for the reason that there was summary
judgment evidence that the chair was unreasonably dangerous, when the evidence and
all reasonable inferences therefrom are viewed favorably to Plaintiff.” We construe
this issue to challenge the take-nothing judgment on appellant’s premises-liability
claim because premises liability is the first issue addressed in appellant’s brief. See
Tex. R. App. P. 38.1. Appellant relies on the doctrine of res ipsa loquitur to establish
a rebuttable presumption of negligence on the part of appellee. 
          To establish a claim under a premises-liability theory, a plaintiff must show (1)
that the owner-operator of the premises had actual or constructive knowledge of some
condition on the premises, (2) that the condition posed an unreasonable risk of harm,
(3) that the owner-operator did not exercise reasonable care to reduce or eliminate the
risk, and (4) that the owner-operator’s failure to use such care proximately caused the
plaintiff’s injuries. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex.
1998). Appellant is apparently invoking the doctrine of res ipsa loquitur to establish
the third element—the failure to exercise reasonable care. 
          The chair at issue in this case was in the dining room of a restaurant. It was
undoubtedly used by many people each day and was therefore not under the sole
control of the restaurant. Thus, it is possible that the chair was broken or damaged
by someone not employed by the restaurant. See Lucas v. Titus County Hosp.
Dist./Titus Mem’l Hosp., 964 S.W.2d 144, 156 (Tex. App.—Texarkana), pet. denied,
988 S.W.2d 740 (Tex. 1998) (rejecting use of res ipsa loquitur presumptions in part
because chair in public waiting area could have been broken by someone other than
hospital). However, even if res ipsa loquitur applies to appellant’s claim, to defeat the
no-evidence motion for summary judgment, appellant has the burden to produce some
evidence of the other three elements of his cause of action. 
          In its motion for summary judgment, Steak & Ale asserted, “Plaintiff has no
evidence that Defendants knew or reasonably should have known that there was a
condition that posed an unreasonable risk of harm in this case.” In his response to the
motion for summary judgment, appellant relied entirely on Steak & Ale’s summary
judgment evidence, which consisted of the depositions of appellant and Lacy, the
manager of the Steak & Ale. Appellant does not direct us to anything in either
deposition that would create an issue of material fact regarding whether Lacy or
anyone else at Steak & Ale knew or should have known that the chair at issue created
an unreasonable risk of harm. Therefore, appellant has not carried his burden to show
that there is a genuine issue of material fact regarding Steak & Ale’s actual or
constructive knowledge of a dangerous condition. 
          Accordingly, we overrule appellant’s first issue. 
IV.    Strict Products Liability
          Appellant frames his second issue as follows: “Whether the trial court erred
in granting Defendant’s motion for summary judgment for the reason that there was
summary judgment evidence that Defendant acted negligently in providing an
unreasonably dangerous chair to Plaintiff when the evidence and all reasonable
inferences therefrom are viewed favorably to Plaintiff.” Because appellant’s
argument under this issue addresses strict products liability, we construe his second
issue to complain that the trial court erred in rendering a take-nothing judgment on
appellant’s strict products-liability claim. See Tex. R. App. P. 38.1(e). 
          A seller of a product in a defective condition unreasonably dangerous to the
user is subject to liability for injuries caused to the user by the product if the seller is
engaged in the business of selling such a product and it reaches the user without
substantial change in the condition in which it was sold. Restatement (Second) of
Torts § 402A (1965); Rourke v. Garza, 530 S.W.2d 794, 798 (Tex. 1975). The
Texas Supreme Court has applied the strict products-liability rule to those who lease
as well as those who sell products. See Rourke, 530 S.W.2d at 797 (holding that
theory of strict liability applies to leased products). 
          Appellant alleged in his original and his third amended petitions, “Defendant
is a seller as that term is defined in Chapter 82, Texas Civil Practice and Remedies
Code.” Chapter 82 defines a seller as “a person who is engaged in the business of
distributing or otherwise placing, for any commercial purpose, in the stream of
commerce for use or consumption a product or any component part thereof.” Tex.
Civ. Prac. & Rem. Code Ann. § 82.001(3) (Vernon 2005). 
          In its motion for summary judgment, Steak & Ale asserted that the plaintiff
could provide no evidence that the defendant was either a manufacturer or seller of
the chair in question. Steak & Ale further stated that, because the plaintiff could not
prove this essential element of his products-liability claim, the defendant was entitled
to summary judgment. In his response, appellant did not produce any evidence to
establish that Steak & Ale was a manufacturer or seller of the chair. Rather, appellant
argued for the first time that Steak & Ale had bailed the chair to appellant and that
strict products liability had been extended to bailment claims. 
          Steak & Ale’s motion for summary judgment challenged a specific element of
appellant’s pleaded cause of action. Appellant then had the burden of producing
some evidence that Steak & Ale was a seller or manufacturer of the allegedly
dangerous product. Instead of producing such evidence, appellant attempted to
introduce a new basis for his complaint against Steak & Ale. Therefore, appellant did
not carry his burden under rule 166a(i) to raise an issue of material fact to defeat
Steak & Ale’s motion for summary judgment. 
          We overrule appellant’s second issue. 
CONCLUSION
          We affirm the judgment. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.