Ralph ABERCIA, Appellant,

v.

**FIRST NATIONAL BANK OF SAN ANTONIO, Appellee.**

No. 15203.

Court of Civil Appeals of Texas, San Antonio.

Sept. 19, 1973.

Rehearing Denied Oct. 31, 1973.

Reynolds, White, Allen & Cook, Houston, for appellant.

Dodson, Duke & Branch, San Antonio, for appellee.

CADENA, Justice.

Ralph Abercia, defendant below, complains of the refusal of the trial court to set aside a "default" judgment rendered against him granting plaintiff, First National Bank of San Antonio, recovery on two promissory notes, each in the principal amount of $50,000.00, together with interest and attorney's fees.

Plaintiff sought recovery not only against defendant, but also against Agency Management Corporation, a Texas corporation, Harold L. Burke and E. E. Taylor. The corporation, Burke and Taylor filed no answers and interlocutory default judgment, later incorporated into the final judgment, was rendered against them on August 14, 1972. The corporation, Burke and Taylor, are not parties to this appeal.

The first note, dated September 24, 1971, was executed by the corporation, acting through its president, Burke. Burke also signed the note in his individual capacity, and the note bears the signature of defendant, followed by the word "individually." The second note, dated September 30, 1971, was also executed by the corporation through its president, Burke, who also signed the note in his individual capacity. On this note is a signature purporting to be that of defendant, individually, and the signature of Taylor.

In his verified answer defendant alleged, with reference to the September 24 note, (1) that he signed such note solely as sec-

retary of the corporation, and not in his individual capacity; (2) that, as secretary of the corporation, he signed the note in such capacity in reliance on representations that the proceeds of the loan evidenced by the note would not be used or spent unless certain conditions occurred; and (3) that, despite such representations, the money was spent without the occurrence of the specified conditions.

With reference to the second note, dated September 30, 1971, defendant alleged, under oath, that the signature appearing on such note was not his signature.

Defendant was represented in this suit by Joe H. Reynolds, Esq., a member of the firm Reynolds, White, Allen & Cook, which maintains its office in Houston, Harris County. According to plaintiff's petition, defendant is a resident of Harris County.

According to the recitals in the judgment entered on December 4, 1972, when the case was called for trial "in its regular order on the docket" on December 4, 1972, neither defendant nor his counsel appeared, although defendant had been duly notified of the date and time at which the case would be called. Plaintiff appeared and announced ready for trial, whereupon the trial court, after hearing evidence and argument of counsel, rendered judgment for plaintiff.

Defendant's motion for new trial alleged: (1) On Friday, December 1, 1972, the Assignment Clerk of the Bexar County District Courts notified the law firm representing defendant that the case was set for trial at 10:00 A.M. on the following Monday, December 4, 1972. (2) Mr. Reynolds, the member of the firm personally handling defendant's case, was under obligation to appear in the United States District Court in Houston at 10:00 A.M. on Monday, December 4, 1972. Under the rules of the United States District Court, it was not possible for Mr. Reynolds to relieve himself of such obligation. (3) Due to extensive thyroid surgery, which produced a great degree of "fatigability," defendant was physically unable to appear in court in San Antonio on December 4, 1972. (4) Because of such circumstances, another member of the Houston firm prepared a motion for continuance for filing and presentation to the court in Bexar County. This motion was filed in the office of the District Clerk of Bexar County at 9:20 A. M. on Monday, December 4, 1972. When the motion was presented to the judge at approximately 9:40 A.M. on that date, counsel was informed by the court that judgment had been rendered against defendant about 30 minutes earlier. (5) Defendant has a meritorious defense. (In this connection, the motion for new trial alleged the facts contained in defendant's verified answer, as summarized in paragraphs 4 and 5 of this opinion.) (6) The failure of defendant or his counsel to appear at the time the case was set for trial "was not intentional nor the result of conscious indifference; but rather was due to a mistake or accident in that the Assignment Clerk advised defendant telephonically that trial would convene at" 10:00 A.M. rather than 9:00 A.M.

The motion was supported by an affidavit by defendant setting forth the facts, as alleged in the motion for new trial, on which he was relying as a defense to plaintiff's claim. The allegations in the motion concerning the information given to defendant's attorneys by the Assignment Clerk, and the allegations relating to the inability of Mr. Reynolds to be in San Antonio on December 4, 1972, were not supported by affidavit. The allegations concerning defendant's physical inability to appear in court were not supported by affidavit, although there was attached to the motion for new trial a letter from defendant's physician "certifying" that defendant had been "medically advised" not to appear in court because of his physical condition resulting from recent and extensive thyroid surgery.

No sworn testimony was presented at the hearing on the motion for new trial.

There is in the record an instrument labeled "statement of facts," but it is merely a transcription of the colloquy between the court and the attorneys at such hearing. At the hearing, counsel for defendant made statements coinciding with the allegations contained in the motion for new trial.[1] However, he did concede that the Assignment Clerk, if called to the stand, would testify that he correctly informed counsel for defendant that the case would be called for trial on Monday, December 4, 1972, at 9:00 A.M., rather than at 10:00 A.M. as alleged in defendant's motion for new trial. Counsel for defendant also admitted that he could produce no evidence to the effect that the Assignment Clerk' had given incorrect information concerning the time at which the case would be called for trial.

It appears that the procedure followed in setting this case for trial was in accord with the published rules of the district courts of Bexar County.

■ Our courts have not hesitated to grant new trials following default judgments if "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff . . ." Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). This same rule is applicable where, as here, defendant has filed an answer but judgment has been rendered against him because of his failure to appear for trial. Kirk v. Farmers Aerial Spraying Service, 496 S.W.2d 739 (Tex.Civ.App.—Amarillo 1973, no writ).

■ Generally, where a new trial is sought because of facts outside the knowledge of the trial court, the factual allega-

tions in the motion should be supported by affidavit unless good reasons for the non-production of affidavits is shown. 4 McDonald, Texas Civil Practice, Sec. 18.07.2, p. 259 (1971 Rev.) A defendant who seeks a new trial because of circumstances such as those present in this case is, according to the generally accepted rule, under the burden of making prima facie proof of the allegations in his motion for new trial by affidavit or other evidence. Empire Life and Hospital Ins. Co. v. Poole, 469 S.W.2d 644, 645 (Tex.Civ.App.—Waco 1971, no writ).

■ In this case, the allegations of the facts upon which defendant relies as justification for his failure to appear and the tardiness of counsel are not supported by affidavit. The unsworn statements of counsel at the hearing ·on the motion for new trial do not rise to the dignity of "evidence" tending to prove such allegations, although the "statement of facts" reflects that the trial judge, during the hearing, stated that he recalled that counsel for defendant appeared in the court room a few minutes after judgment had been rendered against defendant.

■ However, in *Craddock,* our Supreme Court, analyzing the decision in Dowell v. Winters, 20 Tex. 793 (1858), said: " * * * it seems clear that the absence of an intentional failure to answer rather than a real excuse for not answering was the controlling fact." 133 S.W.2d at 125. Here, the record establishes that defendant was represented by out-of-county counsel who timely prepared and filed a verified answer to plaintiff's claim. Plaintiff's answer to the motion for new trial, which is supported by the affidavit of plaintiff's attorney, alleges that the Assignment Clerk notified defendant's attorneys on December 1, 1972, that the case was set for trial on December 4, 1972. Defendant's counsel then prepared a motion for continuance, secured the certificate of de-

---

1. We do not have before us a situation where counsel offered to be sworn for the purpose of testifying and opposing counsel waived administration of the oath.

fendant's physician and prepared an affidavit for the signature of defendant. A lawyer then went to San Antonio and filed the motion for continuance 20 minutes after the time when the case was to be called for trial, and then proceeded to the court room, at which time he learned of the rendition of the judgment against his client.

These circumstances establish that counsel's absence at the time the case was called for trial was not intentional, and that it was not the result of conscious indifference.

■ Plaintiff urges that the fact that defendant remained in Houston while his attorney sought to delay the trial establishes that it was defendant's intention to absent himself from the trial. We disagree. It can, of course, be concluded that defendant, through his attorney, intended to attempt to persuade the court to postpone the trial, but this does not support the inference that, if the motion for continuance was denied, it was the intention of defendant and his counsel to absent themselves from the trial. It is not unusual for a defendant, after unsuccessfully seeking a delay because of his claimed physical inability to attend the trial, to manage, despite his alleged physical incapacity, to participate in and testify at the trial, as in Sherman v. Stein, 173 S.W.2d 732, 734 (Tex. Civ.App.—San Antonio 1943, writ ref'd w. o. m.).

■ Defendant filed his motion for new trial seven days after rendition of the judgment and secured a hearing on the motion seven days later. We conclude that the motion was filed, and heard, at a time when the granting of a new trial would occasion no significant delay or otherwise work injury to plaintiff.

We consider next whether the motion for new trial set up a meritorious defense to plaintiff's claim.

Defendant, by verified allegations, sought to avoid liability on the note executed September 24, 1971, a copy of which is attached to plaintiff's petition as Exhibit A, on the grounds that he signed such note solely in his capacity as secretary of the corporate entity, Agency Management Corporation, and that he signed in such capacity in reliance on unkept promises to the effect that the proceeds of the note would not be used or spent unless certain conditions occurred.

The promissory language contained in the body of the note names no person or entity. It is in the form of a promise that "I, we or either of us" will pay. At the bottom of the note the words "Agency Management Corporation" have been typed on the first signature line. On the next line the typewritten word "by" is followed by the signature of Harold L. Burke, and immediately below this signature are the typewritten words, "Harold L. Burke, President." On the next line the typewritten word "by" is followed again by the signature of Harold L. Burke, which appears above the typewritten words, "Harold L. Burke, Individually." Immediately to the left of this second Burke signature there appears the signature of defendant, Ralph Abercia, which is not preceded by the word "by." Immediately below the line on which defendant's signature appears are the words "Ralph Abercia, Individually."

Defendant has filed no pleadings asserting that, as secretary, he was authorized to execute commercial paper on behalf of the corporation.

■ Even if it be assumed that defendant was an authorized representation of the corporation insofar as the execution of commercial paper is concerned, it would not be permissible, at least in the absence of pleadings asserting fraud, accident or mistake, to show by extrinsic evidence that an instrument which expressly binds him in his individual capacity was in fact executed by him solely in the representative capacity, thus relieving himself of the personal liability expressly imposed on him by the instrument.

Under the provisions of Tex.Bus. & Comm.Code, Sec. 3.403(b)(2), V.T.C.A., an agent who signs his name to commercial paper is personally liable if the instrument, while naming the person represented, does not show that the agent signed in a representative capacity. However, this provision permits the agent to escape personal liability by showing that, as between the parties to the instrument, it was not intended that the agent be personally liable. In such a situation, then, the agent may escape personal liability by introducing parol testimony concerning the intention and understanding of the parties to the instrument.

However, we do not have before us a case where the instrument names the principal, embodies the signature of the agent and merely fails to indicate that the agent signed in his representative capacity. In such a case, the naming of the principal and the signature of the agent, without specification as to the capacity in which the agent signed, can be said to be ambiguous, and the admission of parol evidence serves to resolve the ambiguity. Here, the instrument recites on its face that defendant signed in his individual capacity. The instrument does not merely fail to disclose whether defendant signed in his representative or individual capacity. It affirmatively establishes that defendant signed in his individual capacity. The instrument particularly and precisely recites and purports to express the will of the parties concerning the liability of defendant. Defendant's asserted defense can be established only by parol evidence directly contradicting the writing. In such a situation, the writing must control. 2 McCormick & Ray, Evidence (Texas Practice Series) Sec. 1634, p. 490 (1956).

Nor is paragraph (c) of Sec. 3.403 applicable. Under that provision, where an instrument reciting the name of an organization is preceded or followed by the name and office of an agent, the signature is considered made in a representative capacity unless otherwise established. Here, the signature of defendant is not followed by a recital of his office and, in fact, the instrument establishes that defendant's signature was not made in a representative capacity.

Defendant's allegations to the effect that he signed Exhibit A solely in reliance on unkept promises present no defense to plaintiff's claim based on that instrument. Defendant's pleadings contain no language which even suggests that such promises were made by plaintiff, or by any representative of plaintiff, or that plaintiff was even aware that such representations had been made.

The trial court did not err in refusing to grant defendant a new trial with reference to Exhibit A.

■ With reference to the note executed September 30, 1971, and attached to plaintiff's petition as Exhibit B, defendant categorically alleged, under oath, that the signature on such note was not his signature. This allegation, if true, would defeat plaintiff's claim based on Exhibit B.[2] In holding that defendant's motion for new trial "sets up" a meritorious defense in relation to Exhibit B, we do not consider plaintiff's argument to the effect that the evidence heard by the court at the trial on December 4, 1972, establishes that defendant signed both notes. Defendant's burden was merely to "set up" a meritorious defense. He was not required to prove such defense. Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex.1966). Where the applicant sets up a meritorious defense, supported by affidavit, a new trial "should not be denied upon any consideration of counter affidavits or contradictory testimony offered in resistance to such motion." Cragin v. Henderson County Oil Dev. Co., 280 S.W.

---

2. Plaintiff's petition alleges that defendant executed the note. Plaintiff filed no pleadings suggesting that the note was signed on behalf of, defendant by an agent. See Gem Jewelry Company of Beaumont, Inc. v. Nolte, 335 S.W.2d 766, 768–769 (Tex.Civ.App.—Beaumont 1960, writ ref'd. n. r. e.).

554, 555 (Tex.Comm'n App.1926). See also Maeding v. Maeding, 155 S.W.2d 991, 993 (Tex.Civ.App.—Galveston 1941, no writ).

█ That portion of the judgment of the trial court granting plaintiff recovery on Exhibit A, being the note executed on September 24, 1971, together with interest and attorney's fees, is severed from the remainder of the judgment and, as so severed, is affirmed. The remaining portion of the judgment, granting plaintiff recovery on Exhibit B, being the note executed on September 30, 1971, is reversed, and the cause, insofar as it relates to such portion of the judgment, is remanded to the trial court for a new trial.

Each party to this appeal shall pay one-half of the costs.