NUMBER 13-00-426-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

ANTONIO AGUIRRE, ET AL., AND Appellants,

CHEVRON U.S.A., INC., ET AL., 



v.



 

PHILLIPS PROPERTIES, INC., Appellee.

 

 On appeal from the 93rd District Court

of Hidalgo County, Texas.



 

 OPINION ON MOTION FOR REHEARING



Before the Court En Banc (1)



Opinion by Chief Justice Valdez



 Appellant Antonio Aguirre (2) filed a motion for rehearing en banc, arguing that this Court made a dispositive
error of fact concerning the proceedings in the trial court, in our disposition of issue one. Upon review of the
record, we grant Aguirre's motion for rehearing, withdraw our prior opinion, and substitute the following
opinion.

Facts and Procedural History

 This appeal arises from five separate lawsuits (3) filed by numerous plaintiffs against a voluminous number of
defendants, involving allegations of contamination resulting from leakage from fuel storage tanks. Four of
these five cases were consolidated. Only cause number C-4565-95-A was not consolidated; the plaintiffs in
that case were Antonio G. Aguirre, Miriam M. Aguirre, and Chevron. (4) One of the defendants was Phillips
Properties, Inc., (5) the appellee. Phillips Properties moved for summary judgment in both the consolidated
cases and in cause number C-4565-95-A, and said motions were granted. 

 The subject of this appeal is the summary judgment granted in favor of Phillips Properties. This summary
judgment was signed by the trial court on April 6, 2000, and dismissed all claims against Phillips Properties in
each of the cases in which Phillips Properties was a defendant. Furthermore, it severed the dismissed claims
into a separate case, which was assigned cause number C-4565-95-A-1. Thereafter, on May 4, 2000, Aguirre
filed a motion for new trial in cause number C-4565-95-A-1, seeking to set aside the summary judgment in
favor of Phillips Properties on the grounds that Aguirre did not receive notice of the submission date. On May
8, 2000, Aguirre filed responses to Diamond Shamrock's and Mobil Oil's motions for summary judgment
which were still pending in cause numbers C-4597-92-E, C-4566-95-B, C-4568-95-D, and C-4570-95-F. On
June 19, 2000, the trial court denied Aguirre's motion for new trial, stating that it had considered Aguirre's
response to the motion for summary judgment as timely filed. 

Analysis

 Appellants' sole issue in the motion for rehearing argues that this Court was "misled to make a dispositive
error of fact about the proceedings in the trial court." Appellants argue that this Court mistakenly held that
any error in failing to provide notice of the summary judgment was cured when the plaintiffs/appellants late
filed a response. They assert that this is error because "there was never any such response." 

 A trial court must give notice of the submission date for a motion for summary judgment, because this date
determines the date the nonmovant's response is due. Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d
357, 359 (Tex. 1998);Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 684-85 (Tex. 2002). The
failure to give notice of the submission date for a motion for summary judgment constitutes error; but, such
error is rendered harmless when the trial court considers the nonmovant's response and reconfirms its ruling.
Martin, 989 S.W.2d at 359. Rule 166a of the Texas Rules of Civil Procedure requires that a party serve
notice of a summary judgment hearing on opposing counsel at least twenty-one days before the hearing date.
Tex. R. Civ. P. 166a(c); Mosser v. Plano Three Venture, 893 S.W.2d 8, 11 (Tex. App.-Dallas 1994, no writ).
Rule 21a of the Texas Rules of Civil Procedure provides: 

Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed
wrapper, in a post office or official depository under the care and custody of the United States Postal Service.
. . . A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person
showing service of a notice shall be prima facie evidence of the fact of service. Nothing herein shall preclude
any party from offering proof that the notice or instrument was not received. . . .



Tex. R. Civ. P. 21a. Under rule 21a, if notice of the hearing is properly addressed and mailed, postage
prepaid, a presumption arises that the notice was properly received by the addressee. Cliff v. Huggins, 724
S.W.2d 778, 780 (Tex. 1987); Mosser, 893 S.W.2d at 11. The certificate of service of the party or attorney is
the basis for the presumption. Cliff,724 S.W.2d at 780. The presumption may be rebutted by an offer of
proof of nonreceipt. Id. In this case, Phillips Properties filed two motions for summary judgment, one entitled
"Defendant Phillip's[sic] Properties, Inc. Motion for Summary Judgment as to all Plaintiffs," and another
entitled "Defendant Phillip's[sic] Properties, Inc. Motion for Summary Judgment (No Evidence) as to Plaintiff
Antonio Aguirre." The motion for summary judgment as to all plaintiffs did not contain a certificate of
service. The rule 21a certificate of service accompanying the motion for summary judgment (no evidence) as
to plaintiff Antonio Aguirre stated: 



A true and correct copy of the above and foregoing has been served on January , 2000, to the following:
Law Office of Reynaldo Ortiz, 801 Nolana, Suite 202, McAllen, Texas 78504[;] Law Office of Richard G.
Roth, 134 East Price Road, Brownsville, Texas 78520[;] CORCORAN & MCLAIN, L.L.P., 100 South
Bicentennial, McAllen, Texas 78501.



 Immediately preceding the certificate of service was the motion for summary judgment (no evidence) as to
plaintiff Antonio Aguirre, and a proposed final summary judgment. Although the certificate indicates the
motion itself and the proposed order granting the motion were served on counsel for Aguirre, it does not
indicate Aguirre was ever notified of the date and time of the hearing. The motions for summary judgment are
likewise silent with respect to a date and time for the hearing. Aguirre asserts that appellants never received
notice of the hearing scheduled on Phillips Properties' summary judgment motions.

 At a minimum, notice of a summary judgment hearing under rule 21a requires that (1) the opposing party be
advised that the motion has in fact been set for hearing, and (2) the date and time of the hearing be included in
the fiat. See Tex. R. Civ. P. 21a; Tex. R. Civ. P. 166a. Because the record does not contain a certificate of
service stating that Phillips Properties mailed notice of the scheduled hearing to Aguirre, we conclude there is
no presumption of notice in the present case. Because there is nothing in the record to otherwise show that
Aguirre received notice of the hearing, we find that Aguirre did not receive actual or constructive notice of the
summary judgment hearing.

 The dissent concedes that "the January 26 order setting submission date does not include a certificate of
service. . ." It argues however, that "the docket sheet reflects that copies of the order mailed to all parties on
January 27, 2000." 

 In the present case, what the docket sheet reflects are two identical but separate entries, one dated January
27, 2000, and the other February 2, 2000, which state "copies mailed to all parties." The docket entries do
not specify what was mailed. Even if we were to assume that the docket entries refer to the orders setting
hearing on the motions for summary judgment, we do not consider the docket entries a part of the record.

 A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial
court and clerk's convenience. Energo Int'l Corp. v. Modern Indus. Heating, Inc., 722 S.W.2d 149, 151 &
151 n.2 (Tex. App.-Dallas 1986, no writ);Azopardi v. Hollebeke, 428 S.W.2d 167, 168 (Tex. Civ. App.-Waco
1968, no writ); Restelle v. Williford, 364 S.W.2d 444, 445 (Tex. Civ. App.-Beaumont 1963, writ ref'd n.r.e.).
Consequently, there is no indication in the record that appellants received notice of the hearing on the motions
for summary judgment. 

 Phillips Properties argues that the supreme court has apparently relaxed the absolute prohibition against the
use of docket entries in some limited, although apparently undefined, circumstances. "A docket entry may
supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial
order."N-S-W Corp. v. Snell, 561 S.W.2d 798,799 (Tex. 1977, orig. proceeding) (citations omitted).
However,N-S-W Corp. did not overrule cases holding that a docket entry forms no part of the record that may
be considered but is merely a memorandum made for the trial court and clerk's convenience. First Nat'l Bank
v. Birnbaum, 826 S.W.2d 189, 191 (Tex. App.-Austin 1992, no writ). Docket entries remain inherently
unreliable because they lack the formality of orders and judgments. Energo, 722 S.W.2d at 151 n.2.

 As for waiver, the dissent relies on Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 (Tex. App.-Fort
Worth 1996, no writ), to argue that appellants waived this issue because of their failure to file a sworn motion
for new trial. However, the dissent misreads the holding in Smith. The Smith court held that a party must file
a motion for new trial tobring to the trial court's attention that his failure to respond to a summary judgment
was based on a lack of notice. Id. Such a motion also preserves the complaint for appellate review. Tex. R.
App. P. 33.1; Smith, 918 S.W.2d at 672. The court then went on to hold that because the record included a
certificate of service, a presumption of valid service was created. Smith, 918 S.W.2d at 672. With no facts in
the record to support his allegations of lack of notice, the court held that Smith failed to overcome the
presumption of valid service. Id. at 673. In the present case, we have no presumption of valid service of the
hearing notice, nor does the record contain any evidence that appellants received notice of the hearing.
Because Aguirre's motion for new trial brought this issue to the trial court'sattention, and because this issue
may be resolved by an examination of the record in this case, we find Aguirre's motion for new trial sufficient
to preserve this issue for appellate review. Tex. R. App. P. 33.1(a). Furthermore, because there is nothing in
the record tootherwise show that Aguirre received notice of the hearing, we find that Aguirre did not receive
actual or constructive notice of the summary judgment hearing.

 Moreover, even if we were to assume Aguirre did receive notice of the summary judgment hearing, the
record indicates two stay orders were entered by the trial court on January 26, 2000, and February 28, 2000.
The February stay order stated that all pending motions pertaining to the Northern Plume parties were ordered
deferred and not set for hearing until after conclusion of the Southern Plume trial. (6) We hold that said orders
serve to negate any notice of the summary judgment submission date that Aguirre might have received. 

 Phillips Properties argues that even if there had been a lack of notice, as Aguirre alleges, by considering the
response to the motion for summary judgment and reconfirming its ruling, the trial court rendered any such
error harmless. Martin, 989 S.W.2d at 359.

 In Martin, the Texas Supreme Court held that the district court erred in granting the defendant's motion for
summary judgment without notice. The court concluded however, that the "error was harmless . . . because
the court fully considered Gary's [petitioner] response and reconfirmed its ruling." Martin, 989 S.W.2d at 359.
The court further noted that the district court's actions did not prevent the petitioner from "presenting to the
court a full response to defendant's motion for summary judgment." Id. 

 Appellant's argument fails to recognize, however, that the record reflects no response to Phillips Properties'
motions for summary judgment was ever filed by Aguirre. The record further reflects that the trial court was
never presented with any response to Phillips Properties' motions for summary judgment. Aguirre did not file
a response to the motions for summary judgment which were granted in favor of Phillips Properties. The only
responses filed by Aguirre specifically note that they were made in response to the motions for summary
judgment of Diamond Shamrock and Mobil Oil; however, no mention is made of the motions for summary
judgment filed by Phillips Properties. More importantly, said response was never filed in cause number
C-4565-95-A-1, the only cause in which Phillips Properties was still a party after the trial court's severance
order of April 6, 2000. As such, the trial court could not have considered any response by Aguirre in denying
appellant's motion for new trial. Therefore, the trial court had no opportunity to consider any response in
reconfirming its ruling and erred in failing to provide a party with the requisite 21-day notice of a setting on a
motion for summary judgment. 

 In the present case, the failure to provide notice prevented Aguirre from presenting any response to
defendant's motion for summary judgment. Accordingly, this Court holds the error was not rendered
harmless. We therefore sustain appellant Aguirre's issue one. Because of our disposition in issue one we need
not address Aguirre's remaining issues. Tex. R. App. P. 47.1. 

Chevron

 As for appellant Chevron, we dismiss its issues on appeal due to lack of standing. Standing is a component of
subject matter jurisdiction and cannot be waived. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d
440, 445-46 (Tex. 1993). As a general rule of Texas law, to have standing a plaintiff must demonstrate an
interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the
plaintiff some particular injury. See Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984). A party must show that
its interest has been prejudiced before it has standing to appeal. Gorman v. Gorman, 966 S.W.2d 858, 864
(Tex. App.-Houston [1st Dist.] 1998, pet. denied). Appellant bears the burden of making a prima
facieshowing of prejudice. Id. An appealing party may not complain of errors that do not affect its rights.
Buckholts Indep. Sch. Dist. v. Glaser, 632 S.W.2d 146, 150 (Tex. 1982).

 Chevron failed to demonstrate that its interests were prejudiced by the granting of the summary judgment. At
the time summary judgment was granted, Chevron and the appellee had no cross-claims filed against each
other. As a result, Chevron is not liable as a result of the summary judgment. Accordingly, we hold Chevron
has no standing to challenge the judgment in favor of Phillips Properties. See Gorman, 966 S.W.2d at 865-66
(no standing found for appealing defendant because summary judgment granted did not assign liability to
appealing defendant). Because Chevron lacks standing to appeal the summary judgment, we do not address
the issues raised in its brief.

 We therefore reverse the trial court's order granting summary judgment as to appellant Aguirre and remand
this cause for further proceedings. As to appellant Chevron, we dismiss its issues on appeal.

 _____________________

 ROGELIO VALDEZ

 Chief Justice



Concurring and Dissenting opinion by Justice Yañez 

joined by Justice Hinojosa. 

Concurring opinion by Justice Castillo.

 

Opinion delivered and 

filed this 7th day of August, 2003.

1. Retired Justice J. Bonner Dorsey was a member of the en banc panel which heard oral argument on
appellant's motion for rehearing and motion for rehearing en banc , which were considered on October 16,
2002. Following his retirement on December 31, 2002, Justice Dorsey was assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998 ) to
"complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his
retirement. Justice Dori Contreras Garza, whose term of office on this Court began on January 1, 2003, did
not participate in this decision.

2. Reference to appellant Aguirre in this appeal includes appellants Antonio G. Aguirre, Miriam M. Aguirre,
Eva Reyna-Ayala, Eva America Ayala, Omar O. Cavazos, Yvette Cavazos, Ramiro Cavazos, individually and
d/b/a/ Centro Musical, Dario Garcia, Laurentina Garcia, Juanita E. Garza, Servando Guerra, S & H Jerrypat,
Inc., d/b/a McAllen Grocery, Genaro Hernandez, Sr., Genaro Hernandez, Jr., Valley Modern Plumbing &
Hardware Inc., Margarita E. Hernandez, Hernandez Modern Enterprises, Inc., Narciso J. Jacobo, Mario
Jacobo, Enrique Molina, Maricela Molina, Molina's Mexican Goods & Bakery, Inc., Ruben B. Molina, Jr.,
Ofelia Molina, Alejandro Rodriguez, Olivia Rodriguez, Valley Pride Food Distributors, Inc., Emilio G.
Rodriquez, Sr., individually and as Independent administrator of the Estate of Maria Olivia Rodriguez, Martin
R. Lopez, Antonio S. Lopez, Jose Luis Martinez, Maria Elena Martinez, individually and d/b/a Martinez
Laundromat, Ofelia Briseno, Pablo Salinas-Garza, Rene Sanchez, individually and d/b/a Rene's Garage, Jose
Salinas, Jr., Maria de la Luz Salinas, Jose R. Flores, Elida R. Flores, Alejandro Rodriquez, Maria Carmen
Rodriguez, Lucio Jimenez, Guadalupe R. Jimenez, individually and d/b/a Jimenez Welding Shop, Arturo
Ballesteros, Sr., Maria Ballesteros, Dora Alonzo, and First National Bank, f/k/a First National Bank-Edinburg.

3. The trial court cause numbers are C-4570-95-F, C-4597-92-E, C-4566-95-B, C-4565-95-A, and
C-4568-95-D.

4. Reference to appellant Chevron includes Chevron U.S.A., Inc., Ultramar Diamond Shamrock Corp.,
Canadian Oxy Production Co., American Exploration Co., Louis Dreyfus Natural Gas Corp., Faulconer
Energy Joint Venture-1988, Faulconer Energy Corp., Vernon E. Faulconer, Inc., Brownies Oil Co., and
Spurgeon Brown.

5. Phillips Properties was also named as a defendant in cause numbers C-4597-92-E, C-4566-95-B, and
C-4570-95-F.

6. The cases are characterized as being the "northern plume" and "southern plume," in reference to two areas
of alleged contamination. The southern plume cases were severed into cause number 4597-92-1-E. This
appeal involves a summary judgment granted in the northern plume trial cases, which were severed into cause
number 4597-92-E.



***************************************************************************************



 







NUMBER 13-00-426-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI



ANTONIO G. AGUIRRE, ET AL. AND CHEVRON U.S.A., INC., Appellants,



v.





PHILLIPS PROPERTIES, INC., Appellee.

 

On appeal from the 93rd District Court of Hidalgo County, Texas.



 

CONCURRING AND DISSENTING OPINION ON MOTION FOR REHEARING EN BANC



 Before the Court En Banc (1) 

Concurring and Dissenting Opinion by Justice Yañez, 

joined by Justice Hinojosa 

 



 In our original opinion in this case, a panel of this Court affirmed a "default" summary judgment granted in
favor of appellee, Phillips Properties, Inc. See Aguirre v. Phillips Props., Inc., No. 13-00-426-CV, 2001 Tex.
App. LEXIS 5812 (Tex. App.-Corpus Christi August 23, 2001, no pet. h.) (designated for publication).
Appellants, Antonio Aguirre and numerous others, plaintiffs below, filed a motion for rehearing and motion
for rehearing en banc, contending, in a single issue, that this Court made a dispositive error of fact in holding
that the trial court cured any error caused by lack of notice to appellants of the submission date for Phillips's
motion by considering appellants' untimely response to Phillips's motion as if the response had been timely
filed. See id., at *6. Appellants contend our holding was in error because appellants did not file any response
to Phillips's motion and the "response" relied on by Phillips and the trial court was not, in fact, a response to
Phillips's motion and was not even filed in the case in which Phillips was a party. The majority grants
appellants' motion for rehearing en banc and holds that appellants' unsworn motion for new trial was sufficient
to preserve their challenge to the summary judgment on grounds of "no notice." 

 We concur with the majority's holding that Chevron lacks standing to challenge the judgment in favor of
Phillips. We dissent, however, because we disagree with the majority's holding that appellants' unsworn
motion for new trial was sufficient to preserve their challenge to the summary judgment on grounds of "no
notice." We would hold that: (1) by failing to file a sworn motion for new trial, appellants waived any right to
challenge the summary judgment on grounds of no notice; and (2) the trial court did not abuse its discretion in
granting Phillips's no-evidence summary judgment motion because an adequate time for discovery had passed. 

Background 



 Because the issues in this appeal are intertwined with the complex and confusing procedural history of the
underlying cases, it is important to lay out the procedural background in some detail. Initially, numerous
plaintiffs filed five separate lawsuits against numerous defendants, including Phillips, alleging negligence
resulting in the underground contamination of their property. The cause numbers of the five suits are
C-4565-95-A ("Aguirre"), C-4566-95-B, C-4597-92-E, C-4570-95-F, and C-4568-95-D ("the four other
suits"). 

 Phillips filed three motions for summary judgment pertaining to appellants' claims. The first, a no-evidence
motion for summary judgment "as to Plaintiff Antonio Aguirre," was filed on January 20, 2000, under all five
cause numbers. Although captioned "as to Plaintiff Antonio Aguirre," the motion refers to plaintiffs' "sixth
amended petition" and states that Phillips "moves for summary judgment against plaintiff, ANTONIO
AGUIRRE, ET AL," arguing in various paragraphs that "plaintiff's" [sic] and "plaintiffs" "have not provided
any evidence" of appellants' causes of action. Accordingly, the January 20 motion pertains to all plaintiffs'
claims against Phillips in each of the cases in which it was filed. The motion, which refers to particular
paragraph numbers in the "plaintiff's [sic] sixth amended petition," contends there is no evidence of any of the
elements of the causes of action alleged by appellants: negligence, negligence per se, negligence and the
doctrine of res ipsa loquitor,public and private nuisance, trespass and continuing trespass, and gross
negligence. More specifically, in the "Arguments and Authorities" section, Phillips argues that the no-evidence
standard requires only adequate time for discovery and that plaintiffs failed to develop expert opinion evidence
concerning the measure or extent of their damages by the court-ordered deadline of August 1, 1999. The
motion includes a certificate of service.

 The record includes a January 26, 2000 "Order Setting Submission Date" in cause number C-4570-95-F, in
which "Defendant's Motion for Summary Judgment (No Evidence) as to Plaintiff Aguirre" is set for
submission on February 24, 2000, with a "response date" of February 17, 2000. Although the January 26
order setting submission date does not include a certificate of service, the docket sheet reflects that copies of
the order were mailed to all parties on January 27, 2000. 

 On January 20, 2000, the same day Phillips filed its no-evidence motion in all five causes, appellants filed in
cause numbers C-4566-95-B, C-4597-92-E, C-4570-95-F, and C-4568-95-D (not in Aguirre) a "Motion to
Reset Hearings on Various Defendants' Motions," in which they specifically requested that hearings on
motions filed by other defendants (not Phillips) and "a hearing on any other motion which may be filed by any
other Northern Plume defendant" be reset until sometime after the Southern Plume trial set to commence on
February 7, 2000. On January 26, 2000 (2) (the same day the trial court signed the order setting hearing on
Phillips's no-evidence motion as to Aguirre), the trial court granted appellants' motion to reset hearings and (1)
reset motions filed by other defendants until March 3, 2000; (2) reset Phillips's earlier-filed January 12 motion
to dismiss or abate in the four cause numbers until March 3, 2000; and (3) ordered that "all other motions filed
by defendants who are not proceeding to trial on February 7, 2000, shall not be set for hearing until after the
conclusion of the trial set for February 7, 2000." The order did not specifically reference Phillips's pending
no-evidence summary judgment motion as to plaintiff Aguirre. 

 Two days later, on January 28, 2000, in Aguirre only (not under the other four cause numbers), Phillips filed
an "Amended Motion for Summary Judgment (No Evidence) as to Plaintiff Antonio Aguirre." (3) The motion,
which refers to the "Plaintiff's Original Petition," states that it "supercedes" the previously filed January 20
motion. See Tex. R. Civ. P. 65. Like the January 20 motion, the January 28 motion contends there is no
evidence as to any of the elements of the plaintiffs' claims for negligence, negligence per se, negligence and the
doctrine of res ipsa loquitor, public and private nuisance, trespass, and gross negligence. Also, as in the
January 20 motion, Phillips argues it is entitled to judgment because adequate time for discovery has passed
and plaintiffs failed to develop expert opinion evidence concerning the measure or extent of their damages by
the court-ordered deadline of August 1, 1999. In the January 28 motion, Phillips specifically argues that the
plaintiffs' negligence claims fail because plaintiffs have produced no expert designations regarding the standard
of care Phillips owed to the plaintiffs or the breach of that standard of care. Like the January 20 motion, the
January 28 motion contained a certificate of service. 

 On the same day, an "Order Setting Submission Date" was filed under the other four cause numbers (not
Aguirre), setting submission for "Defendant's Amended Motion for Summary Judgment as to all Plaintiffs [sic]
Claims" (4) for February 29, 2000, with a response date of February 22, 2000. Although the January 28, 2000
order setting a submission date does not contain a certificate of service, the docket sheet reflects that the order
was mailed to all parties on February 2, 2000.

 A few days later, on February 1, 2000, Phillips filed a no-evidence summary judgment motion "as to all
Plaintiffs [sic] Claims" in cause numbers C-4566-95-B, C-4568-95-D, C-4597-95-E, (5) and C-4570-95-F. The
motion refers to the specific paragraphs of "Plaintiffs' Consolidated Seventh Amended Petition." With regard
to the plaintiffs' negligence claims, Phillips specifically argues that the plaintiffs' expert designations contain no
testimony regarding the standard of care owed by Phillips or breach of that standard of care. Regarding the
trespass claims, Phillips argues plaintiffs have no evidence Phillips caused or permitted a physical entry of
contaminants onto the plaintiffs' property. With regard to the plaintiffs' public- and private-nuisance claims,
Phillips contends plaintiffs have no evidence that its conduct proximately caused actual or threatened injury,
that it created the alleged nuisance, or that it caused physical harm to the plaintiffs' property. The record does
not include a certificate of service with the February 1 motion. 

 On February 4, 2000, the trial court signed an order consolidating the four cases, C-4597-92-E,
C-4568-95-D, C-4566-95-B, and C-4570-95-F, and then severed the one consolidated case into two cases: (1)
the "Northern Plume" case, designated as C-4597-92-E; and (2) the "Southern Plume" case, designated as
C-4597-92-E-1. (6) 

 Shortly thereafter, on February 7, 2000, the Southern Plume trial began. A few days later, on February 11,
2000, the Southern plume trial ended in a mistrial. The trial began again on February 23, 2000.

 On February 28, 2000, under all four cause numbers, including the now consolidated and severed Northern
Plume case (cause number C-4597-92-E), appellants filed a "Motion for Further Extension of Time and to
Stay Discovery," in which appellants reminded the court that by its January 26, 2000 order, it had reset certain
motions until March 3, 2000 and ordered hearings in all other motions filed by Northern Plume defendants
deferred until after the conclusion of the Southern Plume trial. The motion complained that certain Northern
Plume defendants had filed motions and set them for hearing on March 1, 2000. It further complained that
certain Northern Plume defendants had served notices for deposition during the Southern Plume trial. The
motion requested that "all motions pertaining to the Northern Plume be deferred until the conclusion of the
Southern Plume trial and that, similarly, all discovery pertaining to the Northern Plume be stayed pending the
conclusion of the Southern plume trial." On the same day, February 28, under the four cause numbers
(including the severed Northen Plume cause number C-4597-92-E), the trial court granted appellants' motion
for extension of time and to stay discovery. The court ordered that "all pending motions pertaining to the
Northern Plume parties or issues as well as all such motions which may hereafter be filed shall be deferred and
shall not be set for hearing until after the conclusion of the Southern Plume trial which is ongoing at this time."
The court further ordered all discovery regarding the Northern Plume stayed until after the conclusion of the
Southern Plume trial. 

 On March 8, 2000, shortly after granting the stay, the trial court held a hearing at Chevron's request in all five
cause numbers to clarify the court's February 28, 2000 order. At the hearing, the parties discussed the status
of discovery in the Northern Plume case, the scheduling of the Northern Plume trial, and the issue of whether
discovery should continue during the pendency of the Southern Plume trial. At the conclusion of the hearing,
the trial court denied the request to vacate its February 28 order staying discovery. On April 6, 2000,
inAguirre (C-4565-95-A) and in cause numbers C-4566-95-B, C-4568-95-D, C-4570-95-F, and
C-4597-95-E,(7) the trial court granted Phillips's summary judgment against "all of the above plaintiffs" in "all
of the above cases" and severed those claims into cause number C-4565-95-A-1. 

 On May 4, 2000, appellants filed an unsworn motion for new trial under the severed Phillips cause number
C-4565-95-A-1, as well as under cause numbers C-4597-92-E (severed Northern Plume case), C-4568-95-D,
C-4566-95-B, and C-4570-95-F, in which they argued that: (1) the trial court ordered all pending motions
regarding the Northern Plume deferred and not set for hearing until after the conclusion of the Southern Plume
trial; (2) they did not receive the required twenty-one days notice of the hearing on Phillips's motion for
summary judgment; (3) summary judgment was granted in Phillips's favor during a period in which the court
had expressly deferred all hearings; (4) appellants did not file a response to Phillips's motion in reliance on the
trial court's order deferring action on the motion until the conclusion of the Southern Plume trial; and (5)
discovery was still ongoing. 

 On May 8, 2000, appellants filed responses to various defendants' motions for summary judgment and moved
the court for a continuance with regard to the motions for summary judgment under cause numbers
C-4597-92-E (Northern Plume case), C-4566-95-B, C-4568-95-D, and C-4570-95-F. The response
specifically identified no-evidence motions for summary judgment filed by defendants Diamond Shamrock and
Mobil Oil set for hearing on May 16, 2000. The response further argued that the no-evidence motions for
summary judgment should not be granted on the grounds that the motions were premature because discovery
had not been completed. 

 On May 10, 2000, Chevron attempted to intervene in the lawsuit by filing a motion for rehearing and to set
aside the trial court's April 6, 2000 order. 

 On June 16, 2000, the trial court held a hearing on appellants' motion for new trial and to set aside the
summary judgment granted in Phillips's favor. At the hearing, appellants argued that: (1) they relied on the
trial court's stay orders of January 26, 2000 and February 28, 2000 in not filing a response because they
believed the orders stayed all proceedings in the Northern Plume case during the pendency of the Southern
Plume trial; and (2) the trial court erred in prematurely granting Phillips's no-evidence summary judgment
motion because discovery was still incomplete. In response, Phillips argued that: (1) because the cases had
been on file for over eight years, there had been an adequate time for discovery; (2) appellants' January 20,
2000 motion to reset hearings specifically listed the motions which they requested to be reset, and Phillips's
summary judgment motion was not identified or included in the motion; and (3) any "stay" granted by the trial
court in its January 26, 2000 order ended when the Southern Plume trial ended in mistrial on February 11,
2000; and thus, appellants were required to file a response to Phillips's motion when the Southern Plume trial
ended. At the hearing, appellants' counsel noted that Phillips's summary judgment motion had been filed in
January. Appellants did not argue or represent to the trial court that they were deprived of any notice
regarding Phillips's motion. (8) 

 On June 19, 2000, the trial court denied appellants' motion for new trial. The order states that the court "has
fully considered, as if it had been timely filed in the above entitled and numbered cause, the Plaintiffs'
Responses to Motions for Summary Judgment and Motion for Continuance with Regard to Defendants'
Motions for Summary Judgment." The court's order further finds there has been adequate time for discovery
and reaffirms its April 6, 2000 summary judgment in Phillips's favor. 

 In three issues, appellants contend the trial court erred in granting summary judgment because: (1) they had
no notice of a hearing or submission date and moreover, they relied on the trial court's January 26, 2000 and
February 28, 2000 orders staying all hearings and discovery; (2) discovery was incomplete; and (3) Phillips is
barred by the doctrine of quasi estoppel from arguing there is no evidence it contributed to the contamination
because, in previously arguing to the trial court that it lacked jurisdiction, Phillips admitted that contamination
leaked from underground storage tanks located on its property. 

Standard of Review Applicable to Default Summary Judgment



 After our original opinion issued and during the pendency of appellants' motion for rehearing, the Texas
Supreme Court addressed the issue of whether the Craddockstandard (9) applies to a motion for new trial filed
after a default summary judgment. See Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 683-84
(Tex. 2002). InCimarron, the defendant failed to timely respond to a motion for summary judgment, but
discovered its failure to respond two days before the summary judgment hearing. Id. at 684. The defendant
filed a proposed response the day of the hearing, along with a motion for leave to file a late response and a
motion for continuance. Id. at 685. The trial court denied both motions and granted summary judgment in
favor of the defendants. Id. The defendant also filed a motion for new trial, which the trial court denied. Id. 

 On appeal, the Fort Worth Court of Appeals applied the Craddock standard and reversed the summary
judgment. Cimarron Hydrocarbons Corp. v. Carpenter, 35 S.W.3d 692, 696 (Tex. App.-Fort Worth
2000),rev'd, 98 S.W.3d at 683-84. The Texas Supreme Court reversed, holding that the Craddock rule: 

does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion
to which the nonmovant failed to timely respond when the movant [for new trial] had an opportunity to seek a
continuance or obtain permission to file a late response.

Cimarron, 98 S.W.3d at 686. 

 Thereafter, this Court invited rebriefing and resubmitted the case for oral argument in light of the supreme
court's holding in Cimarron. Appellants contend that Phillips's motion for summary judgment was "not even
set for submission when it [was] granted by default," and that Cimarron suggests that the Craddock standard
is therefore inapplicable. Phillips contends appellants had actual notice of submission because the record
reflects that notice of submission was mailed to "all parties" on a timely basis and appellants failed to preserve
their "no notice" claim by failing to present any sworn proof of lack of notice. Phillips thus argues, because
appellants had actual notice, that the holding in Cimarron requires appellants to have availed themselves of the
pre-submission remedies provided by the rules of procedure, such as moving for continuance or seeking leave
to file a late response. See id. Because appellants failed to do so, Phillips argues, they have waived any right
to complain that the trial court abused its discretion in denying their motion for new trial. 

 Because we would hold that appellants failed to preserve any challenge to the summary judgment on
"no-notice" grounds, it is unnecessary for us to apply Cimarron to the facts in this case.

Waiver



 Phillips argues appellants waived their challenge to summary judgment on grounds of "no notice" by failing to
file a sworn motion for new trial, supported by affidavit or other sworn proof, stating that the failure to
respond was due to lack of notice. In support of its position, Phillips cites Smith v. Mike Carlson Motor
Co.,918 S.W.2d 669, 672 (Tex. App.-Fort Worth 1996, no writ), in which the Fort Worth court of appeals
held that without appropriate affidavits, a motion for new trial based on lack of adequate notice of a summary
judgment hearing is fatally defective. See id. 

 In Smith, the defaulting party (Smith) filed a motion for new trial, asserting that he did not receive notice of
either the movant's motion for summary judgment or hearing date. See id. at 671. The Fort Worth court
recognized that generally, a party does not need to file a motion for new trial to preserve a complaint on the
grounds for which summary judgment has been granted. See id. at 672 (citing Tex. R. Civ. P. 324). However,
the court noted, because Smith was not challenging the summary judgment on substantive grounds, that rule
324 was not dispositive. Id. The court held that because Smith failed to attach an affidavit to his motion for
new trial verifying that he had no notice of the hearing, his claim of "no notice" was "a mere assertion," and his
motion for new trial was defective. See id.; see also Law Offices of Windle Turley v. French, 2003 Tex. App.
LEXIS 1258, at *8 (Tex. App.-Fort Worth Feb. 6, 2003, no pet. h.) (complaint of no notice of summary
judgment hearing may be preserved by post-judgment motion, but complaint must be supported by
evidence);Rios v. Texas Bank, 948 S.W.2d 30, 33 n.4 (Tex. App.-Houston [14th Dist.] 1997, no writ) (noting
that a party complaining of no notice of a summary judgment hearing in a motion for new trial must present
evidence to support the assertion);Welborn-Hosler v. Hosler, 870 S.W.2d 323, 328 (Tex. App.-Houston [14th
Dist.] 1994, no writ) (burden of affirmatively showing lack of notice not met by merely claiming lack of notice
in a motion for new trial, unsupported by affidavit or other competent evidence).

 In responding to Smith's argument that the record showed he "could not have received notice" of the motion
and hearing, (10) the court noted that the motion for summary judgment had a certificate of service, which
created a presumption of valid service. See Smith, 918 S.W.2d at 672. In the case before us, although the
record does not include a certificate of service for Phillips's February 1, 2000 motion for summary judgment,
both the January 20 motion and the January 28 amended motion contained certificates of service. Moreover,
the emphasis in Smith is on the defaulting party's need to verify to the trial court, by affidavit or other
evidence, that he did not receive notice: "Generally, where a new trial is sought because of facts outside the
knowledge of the trial court, the factual allegations in the motion should be supported by affidavit unless good
reasons for the nonproduction of affidavits is shown." Id. (quoting Abercia v. First Nat'l Bank of San
Antonio, 500 S.W.2d 573, 576 (Tex. Civ. App.-San Antonio 1973, no writ)). Thus, we findSmith applicable
to the present case, and would hold, as in Smith, that without affidavits or other sworn evidence, appellants'
claims they received no notice (11) are "mere assertion[s]," and that appellants' motion for new trial is therefore
defective. See id. 

 The majority contends that we "misread" the holding in Smith, and suggests it is distinguishable from the
present case. The majority asserts, without explanation or citation to supporting authority, that in the present
case, appellants' motion for new trial "brought this issue to the trial court's attention" and was thus "sufficient
to preserve this issue for appellate review." In Smith, however, Smith's motion for new trial, without an
affidavit verifying that he had no notice, was "defective" and rendered his claims of no notice as "mere
assertions." See id. Moreover, the majority makes no attempt to discuss or distinguish the cases cited above,
which hold that a party complaining of no notice must affirmatively show lack of notice by a motion for new
trial supported by affidavit or other competent evidence. See French, 2003 Tex. App. LEXIS 1258, at
*8;Rios, 948 S.W.2d at 33 n.4; Welborn-Hosler, 870 S.W.2d at 328.

 The majority acknowledges that in order to be entitled to reversal of the summary judgment, appellants must
show how they were harmed by the absence of notice. See Martin v. Martin, Martin & Richards, Inc., 989
S.W.2d 357, 359 (Tex. 1998). However, the majority simply asserts that "no response to Phillips Properties'
motions for summary judgment was ever filed by Aguirre" and concludes, without explanation or authority,
that therefore, "the error was not rendered harmless." As noted above, at the June 16, 2000 hearing on
appellants' motion for new trial, appellants argued that: (1) they relied on the trial court's stay orders of
January 26, 2000 and February 28, 2000 in not filing a response because they believed the orders stayed all
proceedings in the Northern Plume case during the pendency of the Southern Plume trial; and (2) the trial
court erred in prematurely granting Phillips's no-evidence summary judgment motion because discovery was
still incomplete. These arguments were therefore considered and rejected by the trial court. The majority fails
to identify any arguments appellants would have presented in a response had they not been prevented from
doing so by the alleged lack of notice, and further fails to explain how appellants were harmed by the failure to
present such arguments. The majority's failure to adequately address the requirement to show harm is
especially critical given the trial court's statement in the order that it had "fully considered" appellants'
summary judgment responses as if timely filed. 

 For these reasons, we would hold that appellants waived their "no notice" challenge to the summary judgment
and would overrule appellants' first issue. 

Inadequate Time for Discovery 



 Because we would hold that appellants failed to preserve their "no notice" challenge to the summary
judgment and would overrule their first issue, we would address their second and third issues, in which they
argue, respectively, that summary judgment was improperly granted because inadequate time for discovery
had passed, and summary judgment was barred by the doctrine of quasi estoppel. 

 In their second issue, appellants argue that the trial court erred by granting summary judgment prior to the
end of the discovery period and while discovery had been stayed by the trial court. 

 A party may move for a no-evidence summary judgment "after adequate time for discovery." Tex. R. Civ. P.
166a(i); Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 2000, pet.
denied). The rule does not require that discovery must have been completed, only that there was "adequate
time." Specialty Retailers, Inc., 29 S.W.3d at 145 (citing In re Mohawk Rubber Co., 982 S.W.2d 494, 498
(Tex. App.-Texarkana 1998, orig. proceeding)). The comment to the rule change that created the
no-evidence summary judgment mechanism states that "ordinarily a motion under paragraph (i) would be
permitted after [a period set by a pretrial order] but not before." Tex. R. Civ. P. 166a(i), cmt. This comment,
unlike other notes and comments in the rules of civil procedure, was intended to inform the construction and
application of the rule. See id.; Specialty Retailers, 29 S.W.3d at 145.

 A trial court's determination that there has been inadequate time for discovery is reviewed under an abuse of
discretion standard. Specialty Retailers, 29 S.W.3d at 145; McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.
App.-Amarillo 1999, no pet.); Dickson Constr. v. Fidelity & Deposit Co., 5 S.W.3d 353, 357 (Tex.
App.-Texarkana 1999, pet. denied). A trial court abuses its discretion when it acts arbitrarily, unreasonably,
or without reference to any guiding rules or principles. City of Brownsville v. Alvarado, 897 S.W.2d 750, 754
(Tex. 1995); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 343 (Tex. 1985). The question of
whether a nonmovant has had an adequate time for discovery under rule 166a(i) is case-specific. TemPay,
Inc. v. TNT Concrete & Constr., Inc., 37 S.W.3d 517, 522 (Tex. App.-Austin 2001, pet. denied); McClure, 20
S.W.3d at 729. 

 To determine whether adequate time for discovery has passed, appellate courts have considered the following
non-exclusive list of factors: (1) the nature of the case; (2) the nature of the evidence necessary to controvert
the no-evidence summary judgment; (3) the length of time the case was active; (4) the amount of time the
no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery;
(6) the amount of discovery which has already taken place; and (7) whether the discovery deadlines were
specific or vague. Martinez v. City of San Antonio, 40 S.W.3d 587, 591 (Tex. App.-San Antonio 2001, pet.
denied); Specialty Retailers, 29 S.W.3d at 145; Dickson Constr., 5 S.W.3d at 356. 

 When a party contends that it has not had adequate opportunity for discovery before a summary judgment
hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for
continuance. See Tex. R. Civ. P. 166a(g), 251, 252; Tenneco, Inc. v. Enterprise Prods. Co., 925 S.W.2d 640,
647 (Tex. 1996); TemPay,37 S.W.3d at 521-22; Triad Home Renovators, Inc. v. Dickey, 15 S.W.3d 142, 145
(Tex. App.-Houston [14th Dist.] 2000, no pet.) (holding that appellants failed to preserve complaint of
inadequate time for discovery in granting of no-evidence summary judgment motion by failing to file affidavit
explaining the need for further discovery or verified motion for continuance); Jaimes v. Fiesta Mart, Inc., 21
S.W.3d 301, 304 (Tex. App.-Houston [1st Dist.] 1999, pet. denied) (finding no error in trial court's ruling on
no-evidence summary judgment motion where non-movant claimed inadequate time for discovery, but failed
to file sworn motion for continuance or affidavit stating reason additional time for discovery was needed). 

 Here, appellants neither filed an affidavit explaining the need for further discovery nor a verified motion for
continuance. Accordingly, we would hold they have failed to preserve their complaint that they did not have
adequate time for discovery. See Triad, 15 S.W.3d at 145-46; Fiesta Mart, Inc., 21 S.W.3d at 304.

 Even if appellants had preserved their complaint of inadequate time for discovery, we would find that the trial
court did not abuse its discretion in granting Phillips's no-evidence summary judgment motion. Although these
are complex cases involving allegations of subsurface hydrocarbon contamination, they had been pending for
several years prior to Phillips filing its no-evidence summary judgment motion. (12) Except for the very brief
period of time immediately preceding judgment, during which discovery was stayed, appellants had ample
opportunity to conduct discovery regarding Phillips's role, if any. Accordingly, we would hold that it was not
an abuse of the trial court's discretion to conclude that an adequate time for discovery had passed, and
overrule appellants' second issue.

 

Quasi Estoppel



 In their third issue, appellants assert that the doctrine of quasi estoppel barred summary judgment in this case.
Appellants argue that prior to filing its motions for summary judgment, Phillips filed a motion to dismiss or
abate, in which it judicially admitted that contamination leaked from underground storage tanks located on its
property. Thus, appellants contend that Phillips is barred from asserting in its motions for summary judgment
that there is no evidence that contaminants escaped from its property and contributed to contamination in the
area.

 Quasi estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a
previously-taken position. Atkinson Gas Co. v. Albrecht, 878 S.W.2d 236, 240 (Tex. App.-Corpus Christi
1994, writ denied). The doctrine applies when it would be unconscionable to allow a person to maintain a
position inconsistent with one in which he acquiesced, or of which he accepted a benefit. Id.; Steubner Realty
19, Ltd. v. Cravens Rd. 88, Ltd., 817 S.W.2d 160, 164 (Tex. App.-Houston [14th Dist.] 1991, no writ); El
Paso Nat'l Bank v. Southwest Numismatic Inv. Group, Ltd., 548 S.W.2d 942, 948 (Tex. Civ. App.-El Paso
1977, no writ). 

 We find appellants' argument that summary judgment was barred by the doctrine of quasi estoppel to be
without merit. Phillips's motion to dismiss or abate challenged the trial court's jurisdiction over the case,
arguing that the matter was properly before the Texas Natural Resource Conservation Commission
("TNRCC"), and that the litigation should therefore be abated or dismissed pending the TNRCC's review. We
have carefully reviewed Phillips's motion to dismiss or abate, and find no support for the argument that Phillips
asserted a position contrary to the position it asserted in its motions for summary judgment. Although in its
motion to dismiss or abate, Phillips acknowledges "the existence of hydrocarbon contamination on its
property," it notes that the TNRCC "will evaluate the evidence and determine whether or not [such
contamination] contributed to the hydrocarbon contamination allegedly beneath the Plaintiffs' property . . ."
(emphasis added). Thus, we find nothing in Phillips's motion or supporting documentation that would
constitute a judicial admission of appellants' theories of recovery against Phillips. We therefore would
overrule appellants' third issue. 

 Because we would hold that the trial court did not abuse its discretion in granting summary judgment in
Phillips's favor, we respectfully dissent. 



LINDA REYNA YAÑEZ

Justice





Justice Federico G. Hinojosa joins.



Concurring and dissenting opinion on motion for

rehearing en banc delivered and filed this the

7th day of August, 2003.

 

1. Retired Justice J. Bonner Dorsey was a member of the en banc panel which heard oral argument on
appellants' motion for rehearing and motion for rehearing en banc, which were considered on October 16,
2002. Following his retirement on December 31, 2002, Justice Dorsey was assigned to this Court by theChief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998) to
"complete the adjudication of any and all causes assigned to a panel of which [he was] a member" prior to his
retirement. 

 Justice Dori Contreras Garza, whose term of office on this Court began on January 1, 2003, did not
participate in this decision.

2. At a March 8, 2000 hearing, the parties discussed a January 26, 2000 hearing before the court "where it
was decided there was going to be a severance in this case." The court reporter's record of the January 26,
2000 hearing is not included in the record before this Court. 

3. Like the January 20 motion, the January 28 motion "moves for summary judgment against plaintiff,
ANTONIO AGUIRRE, ET AL," and refers throughout to "the plaintiffs." Accordingly, the January 28
motion pertains to all plaintiffs alleging claims against Phillips in the unconsolidated case, cause number
C-4565-95-A. 

4. There is no "Defendant's Amended Motion for Summary Judgment as to all Plaintiffs [sic] Claims" included
in the record before us. 

5. The February 1, 2000 motion was filed in the four other cause numbers (not Aguirre), except that cause
number C-4597-95-E was included, and cause number C-4597-92-E was not. 

6. The "Northern" and "Southern" plumes referred to the claims of groups of plaintiffs against particular
groups of defendants. The "Southern Plume" defendants were Coastal Mart, Inc., Maxey Grossenbacher,
McAllen National Bank, and Israel Rodriguez. The "Northern Plume" plaintiffs included the Ayalas and
"Northern Plume" defendants included Phillips. 

7. The order reflects that summary judgment was granted in C-4597-95-E, not in the consolidated and severed
Northern Plume cause number C-4597-92-E.

8. At the hearing, Diamond Shamrock noted that it was deprived of an opportunity to respond to Phillips's
motion because it did not receive notice of hearing or notice of submission regarding the motion. Similarly,
defendants Chevron and Canadianoxy represented to the trial court that they did not receive notice of a
hearing or notice of submission regarding Phillips's motion. Thus, although appellants argued to the court that
"apparently none of the Defendants got notice of either the hearing or the submission on [Phillips's] Motion
for Summary Judgment," they did not at any time represent to the court that they had been deprived of such
notice. Instead, appellants argued only that they had relied on the court's January 26, 2000 order in believing
that the court had stayed all proceedings until the conclusion of the Southern Plume trial.

9. The Craddock test, applicable in determining whether to set aside a default judgment, requires a movant for
new trial to show that: (1) the defendant's failure to appear was not intentional, or the result of conscious
indifference, but was due to mistake or accident; (2) the defendant had a meritorious defense; and (3) the
motion for new trial was filed when it would not occasion a delay or otherwise work an injury to the
plaintiff.Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939). 


10. In Smith, Smith argued he did not receive any of the documents or motions in the case because his address
had changed. See Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 671 (Tex. App.-Fort Worth 1996, no
writ). 

11. Appellants' "no notice" claim rests primarily on two arguments: (1) the record does not show certificates
of service for the orders setting hearing (for either the January 26, 2000 order setting submission on Phillips's
motion as to Aguirre or the January 28, 2000 order setting submission on Phillips's amended motion as to all
plaintiffs); and (2) even if appellants did receive notice, such notice was negated by the trial court's two "stay
orders" of January 26, 2000 and February 28, 2000. To preserve a challenge to summary judgment on the
basis of no notice, appellants were required to file a sworn motion for new trial verifying, by affidavit or other
competent evidence, the facts supporting each of these explanations as to why they lacked notice. See
Smith,918 S.W.2d at 672. Because appellants also failed to preserve any challenge based on their argument
that the stay orders negated notice, if any, we need not separately address those claims. 

12. Although the original petitions are not included in the record before us, Phillips contends the "northern
plume" claims had been ongoing for approximately five years at the time Phillips filed its no-evidence motions.


***************************************************************************************






NUMBER 13-00-426-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




ANTONIO G. AGUIRRE, ET AL. AND CHEVRON U.S.A., INC. , Appellants,



v.





PHILLIPS PROPERTIES, INC. , Appellee.



On appeal from the 93rd District Court

of Hidalgo County, Texas.




CONCURRING OPINION ON MOTION FOR REHEARING

Before the Court En Banc

Opinion by Justice Castillo


 Respectfully, I concur with the result of the majority opinion. 

 

 

ERRLINDA CASTILLO

Justice



Concurring Opinion delivered

and filed this 7th day of August, 2003.