IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00062-CV

 

Steven Deem,

                                                                      Appellant

 v.

 

Texas Department of Criminal Justice,

Institutional Division, et al.

                                                                      Appellees

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court # COT-03-34840

 



MEMORANDUM 
Opinion



 

            Steven Deem filed suit against the
Texas Department of Criminal Justice-Institutional Division and certain
employees (Appellees).  The trial court
dismissed the suit for failure to comply with chapter 14 of the Texas Civil
Practice and Remedies Code.  We affirm.

Background

            Deem, an inmate at the Texas Department
of Criminal Justice-Institutional Division and acting pro se, filed suit in forma
pauperis against Appellees claiming theft of his property and seeking
monetary damages.  Deem filed a motion
for summary judgment, and the Appellees filed a response to the motion along
with a motion to dismiss.  The trial
court denied Deem’s summary judgment motion and dismissed the case for failure
to comply with the requirements of chapter 14 of the Texas Civil Practice and
Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann §14.005
(Vernon 2002).

            Deem
argues on appeal that the trial court erred in (1) granting the Appellees’
motion to dismiss and (2) denying his motion for summary judgment because issues
of material fact exist.

Motion to Dismiss

            In
his first issue, Deem argues that the trial court erred in granting the
Appellees’ motion to dismiss.

             We review a trial court’s dismissal of an
inmate’s claim under chapter 14 under an abuse of discretion standard.  Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).  A court abuses its discretion if it acts
without reference to any guiding rules or principles.  Cire v.
Cummings, 134 S.W.3d 835, 839 (Tex.
2004).

            Deem argues that the trial court
erred in granting the dismissal because he had a right to cure any defect in
his pleadings and to obtain compliance with the trial court’s orders.  Essentially, Deem argues that the trial court
erred in denying him time to cure any defect in his pleadings.  However, Deem failed to file a verified
motion for continuance asking for additional time, nor did he apply for leave
of court to amend or supplement his pleadings. 
See De Mino v. Sheridan, 2004 Tex.
App. LEXIS 7252, **33-34 (Tex.
App.—Houston [1st Dist.] Aug. 12, 2004, no pet.).  Therefore, this issue is not preserved for
review.  Tex. R. App. P. 33.1(a); Aguirre
v. Phillips Properties, Inc., 111 S.W.3d 328, 344 (Tex. App—Corpus Christi
2003, pet. denied).

            Deem also argues that the trial
court erred in granting the dismissal because he did not file a frivolous
claim.  Deem argues that because his suit
is an ordinary tort claim, it has an arguable basis in law or fact.  However, the trial court did not dismiss
Deem’s case due to its frivolous nature, but specifically dismissed for failing
to comply with chapter 14.  See Tex.
Civ. Prac. & Rem. Code
§14.005; Tex. Gov’t Code Ann
§501.008 (Vernon 2004).  Deem does not
directly challenge this finding.  Therefore,
the trial court did not abuse its discretion in dismissing Deem’s cause.  Accordingly, we overrule Deem’s first issue.

Conclusion

            Because Deem’s first issue is
dispositive of this appeal, we need not consider his other issue.  Accordingly, we affirm the judgment of the
trial court.

 

                                                                   FELIPE
REYNA

                                                                   Justice

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion delivered and filed April
 13, 2005

[CV06]