IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00085-CR

 

James Alan Whiddon,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 04-08-13776-BCCR

 



MEMORANDUM  Opinion










 

      Whiddon appeals his conviction
for aggravated assault on a public servant.  See Tex. Penal Code Ann. § 22.02(a), (b)(2)(B) (Vernon Supp. 2006).  We affirm.

      In two issues, Whiddon
contends that the evidence was legally insufficient.  “The inquiry on review of
the legal sufficiency of the evidence to support a criminal conviction is
whether, after viewing the evidence in a light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.”  Powell v. State, 194 S.W.3d 503, 506 (Tex.
Crim. App. 2006); accord Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006); see Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  “A ‘legal sufficiency of the evidence review does not
involve any weighing of favorable and non-favorable evidence.’”  Margraves
v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000) (quoting Cardenas v.
State, 30 S.W.3d 384[, 389] (Tex. Crim. App. 2000)).  “[C]ourts reviewing
all the evidence in a light favorable to the verdict must assume jurors made
all inferences in favor of their verdict if reasonable minds could, and
disregard all other inferences in their legal sufficiency review.”  Evans
at 165 n.27 (quoting City of Keller v. Wilson, 168 S.W.3d 802, 821 (Tex. 2005)); accord Watson v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). 
“When the court is faced with a record of historical facts that supports
conflicting inferences, it must presume—even if it does not affirmatively
appear in the record—that the trier of fact resolved any such conflicts in
favor of the prosecution.”  Evans at 164 n.19 (quoting Jackson
at 326); Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999); Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).    

      The indictment alleged
aggravated assault on a Texas Department of Public Safety trooper by threat
with a deadly weapon.  “A person commits an” aggravated assault “if the person
commits assault as defined in” Texas Penal Code “§ 22.01 and the person
. . . uses or exhibits a deadly weapon during the commission of the
assault.”  Tex. Penal Code Ann.
§ 22.02(a).  Section 22.01 provides, “A person commits an” assault “if the
person . . . knowingly threatens another with imminent bodily injury
. . . .”  Id. § 22.01(a) (Vernon 2003).

      A person acts knowingly, or with
knowledge, with respect to the nature of his conduct or to circumstances
surrounding his conduct when he is aware of the nature of his conduct or that
the circumstances exist.  A person acts knowingly, or with knowledge, with
respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

Tex. Penal
Code Ann. § 6.03(b) (Vernon
2003).

      At the time of the offense,
Whiddon was in flight from law enforcement officers attempting to serve an
arrest warrant on him.  After Whiddon evaded one roadblock, the trooper and
another officer set a second roadblock.  In attempting to evade that roadblock,
Whiddon drove off of the road near the trooper.  

      In both of Whiddon’s issues,
he largely argues conflicts in the evidence and evidence contrary to the
verdict.  In reviewing the legal sufficiency of the evidence, we look at the
evidence, instead, in the light most favorable to the verdict, and assume that
the factfinder resolved conflicting evidence in favor of the verdict.

      In Whiddon’s first issue, he
complains concerning the evidence of his culpable mental state.  Whiddon argues
that the evidence showed that he acted only with the lesser culpable mental
state of recklessness, not with the greater culpable mental state of
knowledge.  See Tex. Penal Code
Ann. § 6.03(b), id. (c) (Vernon 2003).  Whiddon points to
evidence that he was driving “at an extremely high rate of speed.”  (Br. at 10 (quoting R.R. at 58).)  Whiddon concedes, “Under th[e] State’s version of events,
[he] had sufficient time to slow down enough to recognize a second roadblock,
see the stinger spikes, swerve around them, leave the paved portion of the
road, come back onto the road, bring the vehicle back under control, and aim it
directly at” the trooper “with the intent to knowingly place him in fear of
imminent serious bodily injury.”  (Br. at 10.)  The State points to evidence
that after attempting to evade the roadblock, Whiddon drove his truck toward
the trooper, so that the trooper believed that Whiddon was going to run over
him and feared for his life; that Whiddon was in control of the truck; that
Whiddon would have hit the trooper if the trooper had not moved out of the way;
and that Whiddon veered away only after the trooper shot out one of Whiddon’s
tires.  Viewing the evidence in the light most favorable to the verdict, we
hold that a rational trier of fact could have found beyond a reasonable doubt
that Whiddon knowingly threatened the trooper.  We overrule Whiddon’s first
issue.

      In Whiddon’s second issue, he
complains concerning the evidence of “imminent fear of serious bodily injury or
death.”  (Br. at 6, 11.)  “Threaten with imminent bodily injury,” for purposes
of Penal Code Section 22.01(a), however, does not mean “placing a person ‘in
fear of imminent bodily injury or death.’”  Olivas v. State, 203 S.W.3d
341, 346 (Tex. Crim. App. 2006) (quoting Tex.
Penal Code Ann. § 29.02(a)(2) (Vernon 2003)).  In determining
whether a person is “threatened” for purposes of the assault statute, “although
the question whether the defendant’s conduct produced fear in the victim is
relevant, the crucial inquiry remains whether the assailant acted in such a
manner as would under the circumstances portend an immediate threat of danger
to a person of reasonable sensibility.”  Olivas at 347.  Whiddon points
to testimony that he was traveling between sixty and seventy miles per hour. 
Whiddon concedes that, even on his interpretation of the evidence, the evidence
shows that he might have come within thirteen feet of the trooper.  As stated
above, Whiddon drove toward the trooper, and failed to hit the trooper only
because the trooper moved and shot out Whiddon’s tire.  Viewing the evidence in
the light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that Whiddon acted so as to portend
an immediate threat of danger to a person of reasonable sensibility.  We
overrule Whiddon’s second issue.

      Having
overruled Whiddon’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

Affirmed

Opinion delivered and filed February 7, 2007

Do not publish

[CRPM]






ecause issues
of material fact exist.

Motion to Dismiss

            In
his first issue, Deem argues that the trial court erred in granting the
Appellees’ motion to dismiss.

             We review a trial court’s dismissal of an
inmate’s claim under chapter 14 under an abuse of discretion standard.  Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).  A court abuses its discretion if it acts
without reference to any guiding rules or principles.  Cire v.
Cummings, 134 S.W.3d 835, 839 (Tex.
2004).

            Deem argues that the trial court
erred in granting the dismissal because he had a right to cure any defect in
his pleadings and to obtain compliance with the trial court’s orders.  Essentially, Deem argues that the trial court
erred in denying him time to cure any defect in his pleadings.  However, Deem failed to file a verified
motion for continuance asking for additional time, nor did he apply for leave
of court to amend or supplement his pleadings. 
See De Mino v. Sheridan, 2004 Tex.
App. LEXIS 7252, **33-34 (Tex.
App.—Houston [1st Dist.] Aug. 12, 2004, no pet.).  Therefore, this issue is not preserved for
review.  Tex. R. App. P. 33.1(a); Aguirre
v. Phillips Properties, Inc., 111 S.W.3d 328, 344 (Tex. App—Corpus Christi
2003, pet. denied).

            Deem also argues that the trial
court erred in granting the dismissal because he did not file a frivolous
claim.  Deem argues that because his suit
is an ordinary tort claim, it has an arguable basis in law or fact.  However, the trial court did not dismiss
Deem’s case due to its frivolous nature, but specifically dismissed for failing
to comply with chapter 14.  See Tex.
Civ. Prac. & Rem. Code
§14.005; Tex. Gov’t Code Ann
§501.008 (Vernon 2004).  Deem does not
directly challenge this finding.  Therefore,
the trial court did not abuse its discretion in dismissing Deem’s cause.  Accordingly, we overrule Deem’s first issue.

Conclusion

            Because Deem’s first issue is
dispositive of this appeal, we need not consider his other issue.  Accordingly, we affirm the judgment of the
trial court.

 

                                                                   FELIPE
REYNA

                                                                   Justice

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion delivered and filed April
 13, 2005

[CV06]